HENRY F. BROWN *vs.* MINNEAPOLIS LUMBER COMPANY.

January 23, 1879.

Motion to dissolve Attachment—Objection to Writ.—On an appeal from an order refusing to vacate an attachment, an objection to the writ on account of a blank in it, not specified in the notice of motion, nor appearing by the record to have been brought to the attention of the court below, cannot be considered here.

Same—Conflicting Affidavits.—Where, upon an application to vacate an attachment, the affidavits are conflicting, so that two equally fair minds might arrive at opposite conclusions as to the facts, the decision of the court below upon the facts will not be disturbed.

The defendant moved, in the district court for Hennepin county, to vacate a writ of attachment, (1) for insufficiency of the affidavit on which the writ was allowed; (2) because the statements in the affidavit were not true; and (3) for want of the bond required by statute. The affidavit stated "that defendant is about to assign or dispose of his property, with intent to delay or defraud its creditors." The motion was denied by *Young*, J., and the defendant appealed.

The writ recited an application for a writ of attachment against the property of the Minneapolis Lumber Company, defendant, and commanded the sheriff "to attach and safely keep the property of the said          within your county," etc.

*Cross & Hicks*, for appellant.

*Bradley & Morrison*, for respondent.

GILFILLAN, C. J. The objection made here to the affidavit on which the attachment was allowed—to wit, that it is in the alternative—is not well founded in fact. *Guile* v. *McNanny*, 14 Minn. 520.

The objection to the writ, on account of the blank in it, is not specified in the notice of motion, and there is nothing in the record showing that it was brought to the attention of the

court below on the hearing of the motion, and it cannot be considered here.

Upon the merits of the motion—that is, whether the ground for the attachment stated in the affidavit was true—the affidavits are conflicting, and upon them two equally fair minds might arrive at opposite conclusions. Where such is the case, this court will not interfere with the finding upon the fact of the court below.

Order affirmed.