FIRST NATIONAL BANK OF WINONA *vs.* JOHN J. RANDALL and others.

## May 10, 1888.

**Motion to Dissolve Attachment— Insufficient Answer.**—A defendant who has answered in the action may move to vacate a writ of attachment so long as the answer stands undisposed of, although the answer may be deemed insufficient.

**Same—Before Levy.**—Such a motion may be made before any levy has been made under the writ.

**Same—By Insolvent after Assignment for Creditors.**— An insolvent debtor who has made a general assignment, under our statute, for the benefit of creditors, has such a reversionary interest in the assigned estate that he may move to vacate a writ of attachment issued upon the alleged ground of fraud.

**Same—Review on Appeal—Questions of Fact.**—The case shown by affidavits upon such a motion, and by affidavits in opposition thereto, considered to be such as might reasonably lead different minds to opposite conclusions as to the fact in question, and, there being no clear preponderance of proof opposed to the decision of the court below, it should not be reversed.

Appeal by plaintiff from an order of the district court for Winona county, *Start,* J., presiding, vacating a writ of attachment.

*Wilson & Bowers,* for appellant.

*William Gale,* for respondents.

DICKINSON, J.[1] This is an appeal by the plaintiff from an order of the district court, vacating a writ of attachment against the property of the defendants, J. J. and C. S. Randall. The appellant claims that the defendants had no right to move for the vacation of the attachment, because (1) the time for answering had expired, and, while

---

[1] Mitchell, J., did not sit in this case.

an answer had been made, it was frivolous, and constituted no defence; (2) it did not appear that there had been any levy made under the writ of attachment; and (3) the defendants had made a general statutory assignment of all their property for the benefit of creditors, and only the assignee could make such a motion.

The statute (Gen. St. 1878, *c.* 66, § 158) declares the right of a defendant to make such a motion, "before the time for answering expires, or at any time thereafter when he has answered, and before trial." The insufficiency of the defence pleaded would not of itself determine the right to make the motion, at least so long as the answer was allowed to stand. Upon motion to try its sufficiency, or upon demurrer, an amendment might be allowed, which would raise an issue for trial.

If the alleged grounds for the attachment do not exist, a defendant need not wait until his property has been seized before moving to vacate the writ.

The assignors had such a reversionary interest in the assigned estate that they might move to vacate the attachment. *King* v. *Remington,* 36 Minn. 15, (29 N. W. Rep. 352,) and cases cited. Under our insolvent law the value or extent of the assignors' interest in the estate is not inappreciable, although the debts may exceed the value of the assigned estate. It may be affected by the neglect or refusal of creditors to present their claims and to file releases.

In August, 1887, the defendants, J. J. and C. S. Randall, being then insolvent, and being indebted to the plaintiff in the sum of about $28,000 upon promissory notes which had been indorsed to the plaintiff by the defendant L. D. Randall, executed to one Graves, of Dubuque, Iowa, mortgages upon a large part of their real and personal property, to secure notes then given to the latter for the sum of $22,-000. This writ of attachment was issued in October following, upon the ground that this transaction was with the intent, on the part of the mortgagors, to hinder, delay, and defraud their creditors. Whether this was done with the fraudulent purpose alleged, or in good faith, with the knowledge and approval of the plaintiff, and even in part at its instance, was a subject of controversy upon the hearing of the motion, and upon this point conflicting affidavits were

presented. The conclusion of the court below was that the mortgages were not made for the alleged fraudulent purpose, but for the honest purpose of having them negotiated by Graves, and the proceeds paid to the plaintiff upon its claim, and thereby to release the indorser. While the court further found that Graves subsequently attempted to use the securities to coerce the plaintiff to a compromise of its claim, it was also found that this was without the knowledge or consent of the mortgagors, and that Graves was not, in that transaction, acting as their agent. The motion to dissolve the attachment was therefore allowed. Upon this appeal we are asked to reverse that determination.

A recital here of what is set forth in the somewhat contradictory affidavits in the case we deem to be wholly unnecessary. We consider that they might reasonably induce different conclusions in different minds. There was not, in our opinion, a clear preponderance of evidence opposed to the decision of the court below, and therefore it should stand. *Brown* v. *Minneapolis Lumber Co.,* 25 Minn. 461.

Order affirmed.