HENRY M. ORCUTT *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

February 13, 1891.

Railway — Injury to Person in Charge of Horse in Car.—At Minnesota Transfer, plaintiff delivered to defendant a car in which was his horse, some furniture, and other property, to be transported over its line of road to Sauk Rapids, under a contract by which he agreed to load, unload, and reload, and to feed, water, and attend the stock, at his own expense and risk, while at the company's stock-yards or on the cars; and he assumed the duty of securely placing the stock in the cars, and keeping the same securely locked and fastened, so as to prevent the escape of stock. The car arrived at Sauk Rapids in the night. The plaintiff left the car for a few minutes, and, on its being placed on a side track, returned to it, and lay down. Soon after he was injured by an engine running against the car. *Held* that, although not then a passenger, yet, if prudent attention to his horse rendered it proper for him to be in the car, (and of that the jury is to judge,) he was rightfully there, and defendant owed him a duty of care to avoid injuring him.

Appeal by plaintiff from an order of the district court for Stearns county, *Searle,* J., presiding, refusing a new trial after a dismissal ordered at the trial, in an action to recover $2,000 for personal injuries.

*D. W. Bruckart* for appellant.

*Geo. H. Reynolds,* for respondent.

GILFILLAN, C. J.[1]  The plaintiff delivered to defendant, at the Minnesota Transfer, a car in which was his horse, some furniture, and other property, to be transported by defendant over its line to Sauk Rapids, under a written contract in which were these stipulations: "The said shipper agrees to load, unload, and reload all stock at his own expense and risk, and to feed, water, and attend the same at his own expense and risk, while it is in the stock-yards of said company awaiting shipment, and while on the cars, and at feeding or transfer points, or where the same may be unloaded for any purpose. The said shipper himself assumes the duty of properly and securely placing all the stock in the cars, and of keeping such cars securely locked and fastened, so as to prevent escape by such stock therefrom." The car arrived at Sauk Rapids about 2 o'clock in the morning, and was placed upon a side track at the company's stock-yard at that place. Upon its arrival, plaintiff, who appears to have ridden in the car from the Transfer, left it, and after a few minutes, when it was on the side track, returned to it, and lay down. About 5 o'clock in the morning the engine of a freight train of defendant, negligently, as is alleged, ran into the car in which plaintiff was, and he was injured. The action is to recover for such injury. At the close of the evidence the court below dismissed the action, on the proposition, as stated by it, that, the relation of carrier and passenger having ceased, the defendant's duty of care in respect to plaintiff had ceased, and it owed him no duty in any other relation.

It may be assumed that on the arrival of the car at Sauk Rapids, and after a reasonable opportunity to leave it, and the plaintiff having left it, the relation of carrier and passenger had ceased. But the duty of care did not necessarily depend on the continuance of that relation, although the degree of care might be modified by a change in the relation. The duty of care, and the liability for injury caused by want of it, depended on plaintiff being rightfully in the car, and not on the relation in which he was there, though a

---

[1] Vanderburgh, J., took no part in this decision.

higher degree of care was due if he was a passenger than if he was not. At the end of the journey we will suppose plaintiff ceased to be a passenger. He left the car, and he had no right to return to it and charge defendant with care in respect to him, unless his contract authorized him to be there. That contract authorized him to do what was necessary, and to be and remain on the car, if necessary, or if reasonable prudence required it, in order to feed, water, and attend the stock. We can well see how, in view of the liability of horses, when in railroad cars, to be frightened by noises made by the moving of locomotives and cars, the car in which they are, or others in their vicinity, and, when frightened, to break their fastenings, and injure themselves, it might be prudent attention to his horse on the part of plaintiff to return and remain in the car, and, if so, his contract authorized him to do so. We do not assume to determine that prudent attention to his stock made it proper for him to return to and remain in the car, but think the question ought to have been left to the jury. A finding in the affirmative would show a duty on the part of defendant to exercise care for his safety. In such case, having given him the right to be there, it was bound to know that he might be there.

Order reversed.