FINANCE COMPANY OF PENNSYLVANIA v. ARTHUR W. HURSEY
and Others.[1]

January 8, 1895.

No. 9093.

**Dissolving Attachment—Reversal.**

> A motion to dissolve an attachment made and opposed on affidavits which are conflicting: *held*, the order made thereon, dissolving such attachment, will not be reversed unless there is a clear preponderance of evidence against such decision.

Appeal by plaintiff from an order of the district court for Washington county, Williston, J., dissolving an attachment as to defendant Wilmot A. Hursey. Action against Arthur W. Hursey, Achsa W. Hursey, and Wilmot A. Hursey, as copartners, for goods sold and delivered to A. W. Hursey & Co. The affidavits in support of the motion denied that Wilmot A. Hursey had ever been a partner in the firm, and denied any knowledge of the alleged fraudulent intent, or of the insolvency, of A. W. Hursey & Co. Affirmed.

[1] Reported in 61 N. W. 672.

*Boardman & Boutelle,* for appellant.

*J. N. Castle,* for respondent Wilmot A. Hursey.

CANTY, J.    This is an appeal by the plaintiff from an order dissolving an attachment as to the defendant Wilmot A. Hursey on his motion.    The ground of the attachment is that the plaintiff's debt was fraudulently contracted in this: that the defendants purchased of the plaintiff the goods for the price of which the action is brought, with the preconceived intention of not paying for them, and when they were insolvent.    The motion was made and opposed on affidavits which are conflicting.    The decision of the court below is conclusive unless there is a clear preponderance of evidence opposed to that decision (First Nat. Bank v. Randall, 38 Minn. 382, 37 N. W. 799), which there certainly is not.

The order appealed from should be affirmed.    So ordered.