STATE OF MINNESOTA v. MICHAEL M. MADIGAN.[1]

July 21, 1896.

Nos. 10,145—(320).

**Appeal—Order Denying New Trial—Opposing Affidavits.**

> The defendant made a motion to vacate the judgment and conviction herein and for a new trial, upon affidavits which were met by counter affidavits on the part of the state tending to disprove the allegations of the moving affidavits. The trial court denied the application. *Held*, that the case is within the rule that when an issue of fact is raised by affidavits, and passed upon by the trial court, its decision therein will not be disturbed if there is evidence reasonably tending to support it.

**Same—Affidavit Charging Attorney with Fraud—Counter Affidavit of Attorney—Confidential Communications—Privilege.**

> The defendant, in his affidavit in support of his motion, charged his attorney who conducted his defense with falsely and fraudulently neglecting to introduce certain material evidence as requested by the defendant, and with making false representations to him as to what a certain witness would testify. *Held*, that the affidavit of such attorney was admissible on behalf of the state to disprove such charge.

Appeal by defendant from an order of the district court for Brown county, Webber, J., denying a motion to set aside the verdict and to vacate and adjudge void the judgment and conviction, and to grant a new trial and a writ of error coram nobis.    Affirmed.

*A. C. Dolliff*, for appellant.

*H. W. Childs*, Attorney General, *George B. Edgerton*, and *Frank R. Clague*, for respondent.

PER CURIAM.    The appellant in this case was indicted by the grand jury of the county of Redwood, charged with the crime of perjury.    Change of venue was taken to Brown county, where the appellant was tried, convicted, and sentenced.    He moved for a new trial, and appealed to the supreme court from the order denying the same, which order was affirmed by this court.    The decision of the supreme court is found in 57 Minn. 425, 59 N. W. 490.

The appellant was afterwards released from the penitentiary on

[1] Reported in 68 N. W. 179.

parole, under the laws of this state, and instituted the present pro-
ceedings before the judge of the district court, asking for an order
vacating the verdict of the jury, and vacating, setting aside, and an-
nulling, and declaring and adjudging and determining void, the judg-
ment and conviction in said action, and asking for a new trial, and
that a writ of error coram nobis issue out of said court to inquire into
the facts alleged in his petition and affidavits and settled case, and
all proceedings in such case—:

"First. Because of error in fact occurring upon the trial of said
cause in this: that the crime of perjury, charged in the indictment in
said cause, had not been committed, and the defendant was not
guilty thereof.

"Second. Because of fraud practiced upon the court and your peti-
tioner by the prosecuting attorney in the trial of said cause, in secur-
ing a conviction of your petitioner of the crime charged in the indict-
ment in said cause, the said prosecuting attorney well knowing, prior
to the commencement of said trial, and at all times during the trial
of said cause, that the offense charged in said indictment had not
been committed, and that your petitioner was not guilty thereof, and
suppressed the same from the court.

"Third. Because of the fraud practiced upon the court and your
petitioner by   *   *   *   the attorney who appeared for and con-
ducted your petitioner's defense upon the trial of said cause.   *   *   *

"Fourth. Because of fraud practiced upon the court and your peti-
tioner by the prosecuting attorney and   *   *   *   your petitioner's
attorney.   *   *   *

"Fifth. Because of fraud practiced upon the court and your peti-
tioner by parties interested in the prosecution and desiring to secure
a conviction in said cause by influencing the jury, and the jury re-
ceiving evidence out of court, and taking the same into consideration
in finding its verdict in said cause.

"Sixth. Because of fraud practiced upon the court and your peti-
tioner by parties interested in the prosecution and desiring to secure
a conviction of your petitioner, having and securing private commun-
ion with members of the jury during the trial of said cause; and for
such other and further relief as to the court may seem just."

The facts upon which his conviction rested appear in the former
case.    Additional facts were presented by affidavits.    Those offered
and read by the appellant tended to show misconduct on the part of
his attorney, and also on the part of the county attorney who tried
the case against him.    These affidavits were met and contradicted by
counter affidavits of his former attorney and that of the county attor-
ney.    His own testimony on the trial of the action against him for

perjury was also used to defeat his petition, and it tended strongly to corroborate the counter affidavits. In the view of the case which we take, it is unnecessary to recite the evidence or analyze it. It was sharply conflicting. The rule is that, where an issue of fact is raised by affidavits of the respective parties, and passed upon by the court below, its determination will not be disturbed if there be evidence reasonably tending to support it. Bausman v. Tilley, 46 Minn. 66, 48 N. W. 459; Olmstead v. Olmstead, 41 Minn. 297, 43 N. W. 67; First Nat. Bank v. Randall, 38 Minn. 382, 37 N. W. 799. There certainly was not a clear preponderance of the evidence opposed to the decision of the court below.

It is, however, contended by the appellant that one of the affidavits used upon the motion as a counter affidavit against him was that of his former attorney on the trial of the case for perjury, and that the use and admission of this affidavit was error, upon the ground that it purported to disclose confidential communications between him and his attorney, and that upon the face of the affidavit it was privileged. The rule is well settled that an attorney cannot, without the consent of his client, be compelled, and has no right, to disclose any fact which may have been communicated to him by his client solely for the purpose of obtaining professional assistance or advice. Weeks, Attys. at Law, § 152. But we think this privilege may be waived either by the conduct or consent of the client. Such communications are not privileged to the extent of depriving the attorney of the means of obtaining or defending his right. Id. And we are of the opinion that, if the client voluntarily breaks the seal of privileged silence by a vicious and defamatory attack upon his attorney upon matters otherwise privileged, and makes them a party of the public judicial records of the state, the court, in the interest of justice, ought to permit the opposite party the use of the attorney's denial by counter affidavit. If the client does not wish a repulse, he should not attack. If he does not wish the obligation of secrecy released, he should not divulge the matter himself.

In this case the counter affidavit of the attorney is a denial or explanation of the charge of the client. Not only were the public interests at stake in this proceeding, but the reputation of a member of the bar in high standing was violently assailed, and the appellant asks this court to sanction the doctrine that he can make the assault

a matter of judicial record, where it shall forever remain a dark stain upon the attorney's reputation, and that the public and the attorney are without remedy, even if the charge is false. We cannot so hold. Oliver v. Pate, 43 Ind. 132.

We need not discuss the question of whether the writ of coram nobis can be resorted to in this state, because the finding of the trial court would not warrant its issue herein if it can be legally issued in any case.

Order affirmed.

CANTY, J. I concur in the result, but not in the reasons given for that result. I am clearly of the opinion that the counter affidavit of the former attorney of Madigan, offered by the state, was not, when objected to by him, competent or admissible. It attempted to disclose confidential communications between attorney and client, which were privileged, and the mere fact that it reflected on the attorney (he not being a party to the proceeding) did not remove the privilege or make the affidavit competent. Supposing, in such a case, the husband's evidence in his own behalf reflected on the character of his wife, would that make her a competent witness in rebuttal? Certainly not. Neither is this rule as likely to result in a failure of justice as the majority seem to claim. When a party or witness testifies to conversations, and the only person who could contradict them is not a competent witness, the evidence, though uncontradicted, is not conclusive, but the jury and court are at liberty to disbelieve it, just as they are when the only person who heard it is dead. But I am of the opinion that the admission of this affidavit was error without prejudice.

Whether a writ of error coram nobis will lie in this state in any case, it is not necessary to decide. It certainly will not lie when the party made a motion for a new trial, and the matter sought to be tried on such writ could have been raised and passed on, on such motion, and when the party had full knowledge of all the facts, and a full opportunity to present the matter at the time he made such motion for a new trial. That was the case here, and the petitioner was not, in any event, entitled to the relief he sought through the writ.