CHARLES R. STAI v. SARAH L. SELDEN and Others.[1]

October 31, 1902.

Nos. 13,096—(45).

## Vacating Judgment—Appearance of Attorney.

The judgment roll herein showed that the defendants were not residents of this state, nor therein; an affidavit and return of the sheriff as a basis for the publication of the summons; an appearance of the defendants by attorneys, and a recital of that fact in the judgment; but the roll contained no proof of the service of the summons by publication, nor did the judgment recite that the summons had been served.

[1] Reported in 92 N. W. 6.

*Held,* that the trial court did not err in setting aside the appearance of the attorneys as unauthorized, nor in vacating the judgment, on motion of the defendants, on the ground that it then appeared of record to be void. Godfrey v. Valentine, 39 Minn. 336, followed. Nor did the court err in denying the plaintiff's motion to file proof of the publication of the summons nunc pro tunc.

Appeal by plaintiff from an order of the district court for St. Louis county, Cant, J., striking from the records an appearance for defendants; denying a motion for leave to file, nunc pro tunc, an affidavit of publication of the summons; and vacating a judgment entered in favor of plaintiff and an ex-parte order inserting therein, nunc pro tunc, the name of defendant Nettie E. Selden. Affirmed.

*Alford & Hunt,* for appellant.

The summons having been published in the manner and for the time prescribed by law was completely served and the court acquired jurisdiction. Jurisdiction could have been acquired without any service by the voluntary appearance of defendants, and having been acquired the manner of its acquisition is of no moment. Dousman v. City of St. Paul, 23 Minn. 394, 400. So far as the court's power to try and determine the title is concerned it is immaterial whether there was an appearance or a default. Hunter v. Bryant, 98 Cal. 252; Johnson v. Lyon, 14 Iowa, 431; Woodward v. Willard, 33 Iowa, 542. The judgment being one of a court of competent jurisdiction raises the presumption of jurisdiction in the court which can be overcome only by proof that it had no jurisdiction. Kipp v. Collins, 33 Minn. 394; Nye v. Swan, 42 Minn. 243; Herrick v. Butler, 30 Minn. 156. Where the record is silent as to any fact necessary to support the judgment the court will presume its existence in the absence of evidence in the record showing its non-existence. Kent v. Dakota, 2 S. D. 306; Hoyt v. Clark, 64 Minn. 139. If the court deems it necessary to have proof of the service on file plaintiff should be allowed to file it. Burr v. Seymour, 43 Minn. 401. Ordinarily all amendments of the proof of publication should be allowed, in order to show the true facts of the case. Hackett v. Lathrop, 36 Kan. 661; Howard v. McChes-

ney, 103 Cal. 536; Fisk v. Reigelman, 75 Wis. 499; Sueterlee v. Sir, 25 Wis. 357; Farmers v. Dickson, 17 How. Pr. 477; Weaver v. Roberts, 84 N. C. 493; Bigelow v. Chatterton, 51 Fed. 614. If the court had jurisdiction and erroneously exercised it the only proper methods of correcting the error are by motion for a new trial, by appeal, or by motion under G. S. 1894, § 5206 or § 5267. Grant v. Schmidt, 22 Minn. 1; Gallagher v. Irish-American Bank, 79 Minn. 226. An appearance by an attorney is presumed to be authorized. Hardin v. Ho-yo-po-nubby, 27 Miss. 567; Savery v. Savery, 8 Iowa, 223; Bonnifield v. Thorp, 71 Fed. 924. Even if there had not been an authorized appearance originally, we submit that there was a ratification. 3 Am. & Eng. Enc. (2d Ed.) 374; Ryan v. Doyle, 31 Iowa, 53; Robb v. Vos, 155 U. S. 13; Robb v. Roelker, 66 Fed. 23. Ratification may be shown by long acquiescence and silence after knowledge of the appearance, or by estoppel. Stearns v. Johnson, 19 Minn. 540; Singer Mnfg. Co. v. Flynn, 63 Minn. 475; Lynch v. Smyth, 25 Colo. 103.

*G. L. Spangler* and *W. G. Joerns*, for respondents.

START, C. J.

This is an action to determine adverse claims to a lot in the city of Duluth. The plaintiff's claim of title to the lot was based upon a tax certificate issued to him upon the sale of the lot pursuant to Laws 1897, c. 290, which, some months after the entry of what purported to be a judgment herein adjudging that the plaintiff was the owner of the lot, was held to be unconstitutional by this court. Duluth Banking Co. v. Koon, 81 Minn. 486, 84 N. W. 335.

It appears from the judgment roll that the complaint was filed and the summons issued on October 18, 1899; that none of the defendants is a resident of this state, and that the foundation for the publication of the summons was laid by the filing of the sheriff's return on the summons, and an affidavit showing that the defendants were not residents of this state, and could not be found therein, and that a copy of the summons had been mailed to each of them. It further appears from the judgment roll that

on January 27, 1900, an appearance for all of the defendants was entered by attorneys, who served an answer for them, and thereafter made a stipulation on their behalf with the plaintiff's attorneys as to certain facts; that the cause was tried by the court May 3, 1900, the attorneys who had appeared and answered for the defendants appearing for them; that the court on the same day made its findings of fact and conclusions of law directing judgment for the plaintiff, wherein it was recited that it appearing to the court that the defendants have heretofore appeared by their attorneys, and the court having acquired jurisdiction over the defendants, the court proceeded to the trial of the action; that on May 23, 1900, judgment was entered upon the findings adjudging that the plaintiff was the owner of the lot, and that he recover from the defendants $33.75, the costs of the action. The name of the defendant Nettie E. Selden was omitted from the judgment, but was afterwards, by order of the court, inserted nunc pro tunc therein, on ex parte application of the plaintiff. There are no recitals in the judgment as to the service of the summons, but it is recited therein that the defendants appeared by their attorneys. Nor is there any affidavit of the publication of the summons in the judgment roll or in the record.

. On August 21, 1901, the defendants other than Nettie E. Selden, appearing for that purpose specially by their attorneys, secured an order from the court on the plaintiff to show cause why the appearance of the attorneys who assumed to appear for them in this action should not be vacated and stricken from the records as unauthorized, and, further, why the findings of fact, conclusions of law, and the judgment herein should not be vacated for the reason that the court was without jurisdiction in the premises. On October 10, 1901, the defendant Nettie E. Selden, also appearing specially by her attorneys, obtained from the court an order on the plaintiff to show cause why the ex parte order inserting her name in the judgment should not be set aside, and why the judgment should not be vacated for the reason stated by her codefendants. The court on October 14, 1901, upon the affidavit of the printer showing that the summons was in fact duly published, and on motion of the plaintiff, made its order requiring the

attorneys who had so appeared for the defendants to show cause why the plaintiff should not be allowed to make the affidavit of the printer a part of the judgment roll nunc pro tunc, with the same effect as if it had been filed before the entry of the judgment.

The several orders to show cause and motions to which we have referred were duly heard by the district court, and on November 19, 1901, it made its order to the effect that the appearance of the attorneys for the defendants be stricken from the record of this case as unauthorized; that the plaintiff's motion to file the printer's affidavit showing publication of the summons be denied; that the findings of fact, conclusions of law, and judgment, and the whole thereof, be vacated and set aside as to each of the defendants; that the order inserting the name of the defendant Nettie E. Selden be vacated; and, further, that the defendants pay to the plaintiff $50 before the order shall become effectual. The plaintiff appealed from the order.

1. Did the trial court err in setting aside the appearance of the attorneys for the defendants? The plaintiff insists that it did, for the reason that the affidavits and evidence presented on the hearing of the motion were not only insufficient to overcome the presumption that the attorneys were authorized to appear and answer for the defendants, but that they establish affirmatively the fact that the attorneys were so authorized. It may be conceded that the evidence was such that the trial court might have found that the attorneys were either originally authorized to appear for the defendants, or that they subsequently ratified the act of the attorneys. But this is not sufficient to justify a reversal of the court's findings. The rule in such cases is this: Where, upon the hearing of an order to show cause, or a motion, an issue of fact is raised by the affidavits and evidence of the respective parties, the determination thereof by the court will not be reversed by this court if there be evidence reasonably tending to support it. First Nat. Bank of Winona v. Randall, 38 Minn. 382, 37 N. W. 799; Bausman v. Tilley, 46 Minn. 66, 48 N. W. 459; State v. Madigan, 66 Minn. 10, 68 N. W. 179. The finding of the trial court that the appearance of the attorneys who assumed to

appear for the defendants in this case was unauthorized is fairly sustained by the evidence, and its order vacating such appearance was correct.

2. Did the court err in denying the plaintiff's application to file and make a part of the judgment roll nunc pro tunc the printer's affidavit showing the publication of the summons? This was a matter within the discretion of the court. But the exercise of a sound discretion requires that all applications of this kind should be granted, except in cases where it would be unjust to the defendants or to innocent third parties to do so. Burr v. Seymour, 43 Minn. 401, 45 N. W. 715. This case is within the exception. To have granted the application would have resulted in depriving the defendants, through legal forms, of their land, and vesting it in the plaintiff, who had no legal or equitable claim thereto. The $50 which the defendants were required to pay as a condition of denying the application is amply sufficient to indemnify the plaintiff for any amount he may have invested in his void tax title to the lot in question. The court rightly denied the application.

3. Did the court err in setting aside the judgment? In considering this question, we must keep in mind that the defendants' motion to vacate the judgment was not a collateral, but a direct, attack upon the judgment; hence the rule as to the absolute verity of judgments has no application to this case. Vanfleet, Coll. Attack, §§ 2, 3; Vaule v. Miller, 69 Minn. 440, 72 N. W. 452. And further, that the defendants were not residents of this state nor found therein, and that it appeared upon the face of the judgment roll that the court acquired jurisdiction to award the judgment by the supposed personal appearance of the defendants by their attorneys. Now, when the appearance of the attorneys for the defendants was stricken from the record, the judgment appeared upon the record to be void, and the court was authorized to vacate it. In this respect this case cannot be distinguished from Godfrey v. Valentine, 39 Minn. 336, 40 N. W. 163, and is ruled by it. In that case there was in the judgment roll an insufficient affidavit of the publication,—that is, in legal effect there was no such affidavit, which is precisely this case; and for this reason the court set the judgment aside, because it appeared upon

the record to be void. The plaintiff, however, contends that that case is inconsistent with later decisions of this court; that is, it has been impliedly overruled, as we understand the claim. The first case cited in this connection is Nye v. Swan, 42 Minn. 243. There is no conflict between the two cases, for in the latter case there was in the judgment roll not only due proof of the publication of the summons, but the judgment recited due service of the summons by publication. The other one is the case of Hoyt v. Clark, 64 Minn. 139, 66 N. W. 262. The attack in that case was a collateral one upon a judgment in proceedings to enforce taxes on real estate, on the ground that the record did not contain any affidavit or proof that the delinquent list and notice had been published. But the judgment recited that the notice and list had been duly published as required by law, and it was held that the presumption of the validity of the judgment was not overcome by the mere fact that no affidavit of publication had been filed. For these reasons the case is clearly distinguishable from that of Godfrey v. Valentine, supra. We accordingly hold that the latter case has not been overruled, directly or indirectly, and that it should be followed in this case, and that the court did not err in setting aside the judgment here in question.

The order striking the name of Nettie E. Selden from the judgment was, in any event, harmless, in view of the conclusion we have reached on the question of vacating the judgment.

Order affirmed.