## THEO. ASCHER COMPANY v. AGNES LANYON.[1]

### May 22, 1908.

### Nos. 15,604—(132).

**Attachment.**

There being no clear preponderance of evidence against the finding of the trial court, the order vacating an attachment is affirmed.

In an action in the district court for St. Louis county defendant moved to vacate an attachment. From an order, Cant, J., vacating and dissolving the attachment, plaintiff appealed. Affirmed.

*Ross & McKnight*, for appellant.

*J. W. Reynolds*, for respondent.

ELLIOTT, J.

This is an appeal from an order vacating and dissolving an attach-ment. The only question is whether the trial court was justified in

[1] Reported in 116 N. W. 581.

coming to the conclusion that the plaintiff had not shown that the defendant had kept herself concealed within the state with intention to defraud and delay her creditors and to avoid the service of summons.

The matter was submitted on affidavits. It appeared that the defendant had been engaged in business in Virginia, Minnesota, and had become indebted to the plaintiff for goods purchased. About August 3, 1907, she wrote to the plaintiff at Chicago, stating that she was forced to give up her business and had stored her goods, and that she intended going to another town, but would pay her account as soon as possible. It appeared that she went to Duluth and was soon afterwards married. Hearing nothing from her, plaintiff wrote her several letters, and addressed them to her at Duluth in the name by which she had been known to it. The letters were never delivered. The plaintiff, through attorneys, then attempted to locate the defendant, but was unable to do so. It appears that they made every effort to find her, and under the circumstances were possibly justified in believing that she was keeping herself concealed. But that is not sufficient. There is nothing whatever in this record to show that Mrs. Lanyon kept herself concealed for the purpose of avoiding the service of summons, or that she did anything to mislead the plaintiff. She was living with her husband in Duluth, and, while she made no effort to find her creditor, it does not appear that she made any effort to prevent it from finding her.

The question determined by the trial court was one of fact, and under the rule stated in First Nat. Bank v. Randall, 38 Minn. 382, 37 N. W. 799, and numerous subsequent cases, the order must be, and is, affirmed.