FIRST STATE BANK OF MONTGOMERY v. JOSEPH J. SCHATZ.[1]

June 26, 1908.

Nos. 15,594, 15,595—(147, 148.)

**Dissolution of Attachment—Findings of Trial Court.**

The determination of a question of fact by the trial court on the hearing of a motion, on affidavits or otherwise, will not be reversed if there be evidence reasonably tending to support it. Rule applied, and *held*, that the trial court did not err in denying the defendant's motion to dissolve an attachment. ·

**Extension of Payment—Invalid Consideration.**

A promise to pay the rate of interest specified in a past-due note until such indefinite time as the maker can pay the note out of his business is not a legal consideration for a promise to extend the time of payment of the note. *Held*, upon the answer and affidavits herein, that the answer was correctly stricken out as sham.

Action in the district court for Le Sueur county to recover $1,050 on two promissory notes. The substance of the answer is stated in the opinion. From an order, Morrison, J., granting plaintiff's motion to strike out the answer to the complaint, defendant appealed. From an order denying the motion of defendant to dissolve and vacate the writ of attachment issued in the action, he appealed. Affirmed on both appeals.

*John Moonan*, for appellant.

*A. J. Edgerton*, for respondent.

START, C. J.

This action was commenced in the district court of the county of Le Sueur to recover the amount due on two promissory notes made by the defendant to the plaintiff. A writ of attachment was issued, on the ground that the defendant was about to assign and dispose of his property with intent to defraud his creditors, and by virtue thereof his property was attached. He then moved the court to dissolve

[1] Reported in 116 N. W. 917.

the attachment, and upon a hearing of the matter the court made its order denying the motion, from which the defendant appealed.

The affidavits in support of the motion tended to show that the defendant did not intend to dispose of his property to defraud his creditors, while the affidavits on behalf of the plaintiff, in opposition, tended to show facts and circumstances indicating an intention on the part of the defendant to place his property beyond the reach of his creditors. An examination of the affidavits shows that they are, in important particulars, conflicting, and we are of the opinion that this case falls within the rule that the determination of a question of fact by the trial court on the hearing of a motion, on affidavits or otherwise, will not be reversed if there be evidence reasonably tending to support it. First Nat. Bank of Winona v. Randall, 38 Minn. 382, 37 N. W. 799; Finance Co. of Pa. v. Hursey, 60 Minn. 17, 61 N. W. 672. The court did not err in denying the motion to dissolve the attachment.

The answer herein admitted the execution of the notes, and, in effect, alleged: That the plaintiff entered into an agreement in reference to said notes that in consideration of the payment of the rate of interest specified in said notes the plaintiff would extend the same and permit the same to run until such time as defendant could pay the same out of his business. The plaintiff moved the court to strike out the answer as sham and frivolous.

In support of the motion, affidavits were submitted showing that the plaintiff never made any agreement for the extension of the notes. The motion was opposed by the affidavits of the defendant and his father. If it clearly appears, from the answer and the affidavits considered by the court on the hearing of the motion, that no bona fide issue of fact was tendered by the answer, the order of the court was correct; otherwise not, for, if such an issue was tendered, it could not be tried on affidavits. If the defendant had agreed to forego the payment of the principal of the notes for a definite future time, and keep the money for that time, and pay the interest thereon, it would have been a sufficient consideration for the plaintiff's promise to extend the payment of the notes to such time. Simpson v. Evans, 44 Minn. 419, 46 N. W. 908; Trudeau v. Germann, 101 Minn. 387, 112 N. W. 281.

No such agreement is alleged in the answer or claimed by the defendant in his affidavit, which, in their last analysis, show that the only agreement was for the extension of the payment of the notes, which were then past due, until such indefinite time as the defendant could pay them out of his business, and, further, that there was no consideration for such alleged extension. True, the answer says it was in consideration of the payment of the rate of interest specified in the notes and "other valuable and sufficient consideration"; but the defendant's affidavit fails to disclose the other consideration. The defendant was already legally bound to pay the specified rate of interest until the notes were paid, and reiterating the promise was not a consideration, for the reason that a promise to do that which a party is legally bound to do is not, under ordinary circumstances, a consideration for a promise. King v. Duluth, M. & N. Ry. Co., 61 Minn. 482, 63 N. W. 1105.

Again, eliminating the allegations of conclusions of law in the answer, it does not show that the defendant at the time this action was commenced could not pay the notes out of his business. Upon the whole record, we are of the opinion that the answer did not tender any bona fide issue of fact, and that the order of the court striking it out was right.

Order on each appeal affirmed, with one bill of costs.