## M. G. VIERS v. CLINTON M. PERRY.[1]

November 4, 1910.

Nos. 16,900—(75).

**Attachment — conflicting affidavits — decision of question of fact.**
    The determination of a question of fact on the hearing of a motion to dissolve an attachment on affidavits will not be reversed, if there is evidence reasonably tending to support it.

Action in the district court for Yellow Medicine county, which was transferred to Marshall county, to recover $948.90 on a promissory note. Plaintiff caused certain of defendant's property to be attached. Defendant moved to vacate the attachment and supported the motion with affidavits, and plaintiff opposed the motion with counter affidavits. The motion was heard and granted by Grindeland, J. From the order granting the motion, plaintiff appealed. Affirmed.

*J. N. Johnson,* for appellant.
*Brown & Eckstrom,* for respondent.

PER CURIAM.
    This appeal presents the sole question whether the trial court erred by its order granting the defendant's motion to dissolve the

[1] Reported in 127 N. W. 1120.

writ of attachment herein. The motion was made and opposed upon conflicting affidavits, which show no clear preponderance of proof opposed to the decision of the trial court. The case, then, falls within the rule that the determination of a question of fact, on the hearing of a motion on affidavits, will not be reversed, if there be evidence reasonably tending to support it. First Nat. Bank v. Randall, 38 Minn. 382, 37 N. W. 799; State v. Madigan, 66 Minn. 10, 68 N. W. 179; Stai v. Selden, 87 Minn. 271, 275, 92 N. W. 6; First State Bank v. Schatz, 104 Minn. 425, 116 N. W. 917.

Order affirmed.