JENNIE M. KLOPPENBURG v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

October 17, 1913.

Nos. 18,204—(204).

**Injury to shipper's servant.**

1. Failure of a caretaker of a live-poultry shipment to remain in the caboose as required by the contract of carriage, *held*, under the terms of the

[1] Reported in 143 N. W. 322.

---

Note.—As to the duty of a carrier to caretaker accompanying shipment of livestock, see notes in 22 L.R.A. 794, and 31 L.R.A.(N.S.) 632.

contract when taken together and the circumstances of the case, not to preclude, as a matter of law, a recovery for injuries received by him while riding in the car with the shipment.

**Assumption of risk.**

2. While in the car the caretaker assumed all risks reasonably incident to that mode of carriage, but not those resulting from unnecessary and extraordinary occurrences involving dangers not incident to the proper handling of freight trains like the one in question.

**Charge to jury — failure of defendant.**

3. Defendant having failed to call the court's attention at the time to the fact that its instruction upon assumption of risks was incorporated in its charge upon negligence, and having requested no further direction, was not in a position to complain.

**Privilege of physician.**

4. Where it appears that a waiver of the privilege under R. L. 1905, § 4660, subd. 4, relating to matters learned by physicians during professional attendance upon their patients, was procured by fraud or misrepresentation, it is not error to disregard it and to allow the privilege to be claimed.

**Findings sustained by evidence.**

5. Court's findings that such a waiver executed by a juror, whose sanity during the trial was challenged on a motion for a new trial, was procured by misrepresentation, and that the juror was not insane during the trial, sustained, there being evidence reasonably tending to support them.

**No abuse of discretion.**

6. There was no abuse of discretion by the trial court in connection with remarks of counsel, nor in denying defendant's request for a continuance, nor in refusing to grant a new trial on the ground of newly discovered evidence.

**Verdict — evidence insufficient to warrant reversal.**

7. Plaintiff's version of the accident and his injuries *held* not so improbable, nor the consequences thereof so doubtful, as to warrant the overturning of the jury's findings in his favor.

**Excessive damages.**

8. Verdict *held* not excessive.

Action in the district court for Grant county to recover $31,875 for personal injury. The answer set up the contributory negligence and assumption of risk on the part of plaintiff. The case was tried before Flaherty, J., who denied defendant's motion for a directed ver-

dict and a jury which returned a verdict of $16,000 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*John L. Erdall* and *C. J. Gunderson,* for appellant.

*F. W. Murphy,* for respondent.

PHILIP E. BROWN, J.

Julius J. Kloppenburg sued to recover damages for personal injuries, claiming that on November 21, 1910, during the transportation of a car of live poultry from Hankinson, North Dakota, to Chicago, and while he was riding therein, engaged in the discharge of his duties as caretaker accompanying the shipment in accordance with his contract for carriage, defendant negligently managed the train, so that the car was unnecessarily and violently jerked and bumped, causing him to fall to the floor, with resulting permanent injuries and incapacity. Defendant denied negligence and injury, and charged contributory negligence, and also that plaintiff's injuries, if any, were due to risks and hazards knowingly and voluntarily assumed. After verdict in his favor for $16,000 plaintiff died, and the administratrix of his estate was substituted. Defendant appealed from an order denying its alternative motion.

1. The relation of passenger and carrier is created by contract, express or implied. In the present case the right of deceased to ride on the train was under the terms of a stock contract of the kind in common use and which, unquestionably, constituted him a passenger, entitled to the care and protection due passengers on freight trains. The instrument provided that "no person will be allowed to ride in the car with the stock, but must ride in the caboose attached to the train," but also that "when transportation is furnished it is understood to be to the owner or bona fide employees in charge and on the train to feed, water, and attend to the stock," and, further, "the said shipper agrees * * * to feed, water and attend the same at his own expense and risk * * * while on the cars." When the provisions of the contract are construed so as to be consistent with each other and to accomplish the purposes of the parties, as

they must be, it follows that if it was necessary, or if reasonable prudence required, that deceased remain in the car in order to feed, water or take care of the shipment, as claimed by him, then he was rightfully there at the time of the accident (Orcutt v. Northern Pac. R. Co. 45 Minn. 368, 47 N. W. 1068; Bolton v. Missouri Pac. Ry. Co. 172 Mo. 92, 103, 72 S. W. 530), and the relation of passenger and carrier continued. It cannot be held as a matter of law that his failure to remain in the caboose prevented a recovery.

2. While in the car he must be deemed to have assumed all risks reasonably incident to such carriage, but not those resulting from unnecessary and extraordinary occurrences involving dangers not incident to the proper handling of that kind of train. It is claimed that the court failed fully to instruct the jury in respect to the defense of assumption of risks. The court gave the jury the charges requested by defendant and which its counsel say "clearly and specifically" covered this point. The specific criticism is that these were incorporated in the instruction relating exclusively to the question of negligence. In this we find no error. If defendant feared the jury might be misled by the setting of this part of the charge, the court's attention should have been called thereto at the time and a request made for further direction.

3. Defendant insists that a new trial should have been granted because one of the jurors was temporarily insane during the latter part of the trial. It appeared that on the day following the trial, which occurred on June 6 and 7, 1912, a physician was called to attend the juror professionally. Subsequently he made an affidavit, which defendant offered on the motion for a new trial, stating the facts tending to show the insanity of the patient, the same being based upon disclosures and information made and acquired in the course of such attendance and necessary to enable affiant to act professionally. Other affidavits were presented to the same effect, some of which were made by jurors who sat in the cause, including one by the juror in question made June 21, 1912, together with a written consent to the physician to testify to whatever he learned or discovered professionally while attending him. On the plaintiff's part affidavits were presented, from jurors and others, controverting defend-

ant's showing, including one by the same juror repudiating his former affidavit and withdrawing his consent to the physician to testify, on the ground that such were procured by misrepresentation. That the matter contained in the physician's affidavit was privileged under R. L. 1905, § 4660, subd. 4, admits of no doubt. The court found the facts to be as contended by the juror, excluded the affidavit, and further found that he was not insane during the trial. There was evidence both direct and circumstantial, reasonably tending to support the court's conclusions, and the rule in such case is that where, upon the hearing of a motion, an issue of fact is raised, the court's determination thereon will not be disturbed by this court if there be evidence reasonably tending to support it. Stai v. Selden, 87 Minn. 271, 275, 92 N. W. 6. Circumvention of the statute through waiver procured by fraud or misrepresentation cannot be allowed.

4. Denial of a motion for a continuance, improper remarks of counsel, and refusal of a new trial for newly discovered evidence, are urged as grounds for reversal. The record in these regards has been examined, and we find no abuse of discretion.

5. The sufficiency of the evidence to sustain the verdict is challenged. The record contains persuasive evidence that plaintiff, aged about 30 years, was, immediately prior to his alleged injury, sound and much above the average physically; and that shortly after the journey he exhibited lameness, and thereafter serious complications ensued, which continued down to the trial and finally resulted in death. His account of the cause of the injury is not corroborated except by his statements to others after the trip to Chicago. He made no complaint of injury or accident to anyone connected with the defendant until the bringing of this action. The physicians disagreed as to the cause of his illness. We are unable to say that his version is so improbable, or that such doubt is cast upon the consequences of his injury, as to warrant us in overturning the findings of the jury. Plaintiff must have realized at the trial that death was impending, and his account of the accident and his injuries, and likewise his explanation of his failure sooner to assert his claim, were, under the circumstances, peculiarly for the jury's consideration.

Nor do we consider that the verdict is founded solely upon the opinions of experts. So far as such evidence appears, it does not materially differ from the ordinary case where medical practitioners disagree.

Neither can we say that the verdict is excessive.

Order affirmed.