ANDREW STOCKHAUS v. ELLIS A. LIND, ALSO KNOWN AS ELLIS CARLSON.[1]

July 8, 1921.

No. 22,380.

**Alienation of affections — writ of attachment.**
    1. A writ of attachment may issue in an action for alienation of affections.

**Motion to dissolve writ — conflicting affidavits — finding of fraud sustained.**
    2. On an appeal from an order denying a motion to dissolve a writ of

[1]Reported in 183 N. W. 844.

attachment upon the ground of a fraudulent transfer of property, where the affidavits are conflicting, the determination of the trial court will not be disturbed if there is evidence fairly supporting it. In this case the evidence sustains the finding of fraud necessarily included in a general order refusing to dissolve the writ.

Action in the district court for St. Louis county to recover $15,000 for alienation of wife's affection. The answer was a general denial. From orders, Magney, J., denying his motions to set aside the attachment and for a rehearing of motion, defendant appealed. Affirmed.

*Charles Line,* for appellant.

*Andrew Nelson* and *John Cedergren,* for respondent.

DIBELL, J.

The defendant appeals from an order denying his motion to dissolve a writ of attachment.

1. The statute is as follows: "In an action for the recovery of money, other than for libel, slander, seduction, breach of promise of marriage, false imprisonment, malicious prosecution, or assault and battery, the plaintiff, at the time of issuing the summons or at any time thereafter, may have the property of the defendant attached in the manner hereinafter prescribed as security for the satisfaction of such judgment as he may recover." [2]

The action was brought by the plaintiff for the alienation of the affections of his wife. Among other allegations appropriate to the character of the action is the charge that the defendant debauched her. Counsel for the defendant forcefully urges that the action is within the statute excepting an action for seduction from those in which an attachment may issue. We have given the defendant's contention careful consideration and have reached the conclusion that it should not be upheld. The complaint easily identifies the cause of action alleged as an ordinary one for alienation of affections. The plaintiff may recover without proving that the defendant debauched his wife. The legislature might well enough have included an action for the alienation of affections with those excepted from the attachment statute. It did not and it is not for us to put it in.

[2][G. S. 1913, § 7845.]

2. The question whether the defendant fraudulently transferred his property is presented on conflicting affidavits. There was some evidence that he transferred some of his property with the plaintiff's claim in view. The question is a close one. The decision of the trial court upon the disputed facts has its usual significance. Ekberg v. Swedish-Am. Pub. Co. 114 Minn. 519, 130. N. W. 1032; Viers v. Perry, 112 Minn. 348, 127 N. W. 1120; Schoeneman v. Sowle, 102 Minn. 466, 113 N. W. 1016. The order refusing to dissolve the writ necessarily includes a finding of fraud and it is sustained by the affidavits. There is nothing in the motion for a rehearing calling for discussion.

Order affirmed.