JOHN SAARI AND JACOB SAARI, COPARTNERS DOING BUSINESS AS SAARI BROTHERS v. KALLE PALMU AND ED. ALTO, COPARTNERS DOING BUSINESS AS PALMU & ALTO, AND IDA PALMU.[1]

December 30, 1921.

No. 22,597.

**Conflicting affidavits on motion to vacate attachment—reversal on appeal.**

Where the affidavits on a motion to dissolve an attachment are conflicting, the trial court's decision will not be reversed on appeal unless there is a clear preponderance of evidence opposed to it. [Reporter.]

Action in the district court for St. Louis county to recover $30,000 for money obtained from plaintiffs by fraudulent time checks. The answer interposed counterclaims aggregating $8,100. From an order, Freeman, J., granting defendants' motion to dissolve the attachment, plaintiffs appealed. Affirmed.

*Carl A. Onkka* and *George B. Sjoselius,* for appellants.

*Charles W. Schrutchin,* for respondents.

PER CURIAM.

Plaintiffs deal in forest products. Defendants are loggers. During the season of 1920 and 1921, defendants got out forest products for plaintiffs. Plaintiffs advanced money to defendants to enable them to conduct the logging operation. The system was that defendants would issue time checks to their laborers which plaintiffs would pay and plaintiffs furnished defendants with supplies and material necessary in the operation of their camps. Plaintiffs contend the parties had a contract covering these operations, and that the amounts advanced largely exceed any amount plaintiffs were liable to pay. Defendants contend that no contract was ever consummated and they counterclaim for the value of their services. Plaintiffs con-

[1]Reported in 185 N. W. 965.

tend that defendants issued fraudulent time checks to fictitious persons and in that way obtained money from plaintiffs in excess of what was due them. These contentions are set out by affidavits. Plaintiffs procured a writ of attachment on the allegation that defendants owed plaintiffs on this account $30,000 and that the debt was fraudulently contracted. Defendants, on affidavits denying plaintiffs' claims, procured a vacation of the attachment. Plaintiffs appeal.

Unless there is a clear preponderance of evidence opposed to the court's decision, it should be sustained. First Nat. Bank of Winona v. Randall, 38 Minn. 382, 37 N. W. 799. The affidavits are in such conflict that in our opinion the determination of the trial court must be sustained.

Order affirmed.