Morgan Cowperthwait and Others, as Surviving Trustees, etc., of Montgomery B. Cowperthwait, Deceased, and Others, Respondents, *v.* Walter Critchley and Others, as Executors, etc., of Herbert M. Cowperthwait, Deceased, and Others, Respondents, Impleaded with Louise Cowperthwait Lawrence, Appellant.

First Department, December 24, 1934.

*John L. Wells,* for the appellant.

*M. A. Willment* of counsel [*Robert L. Redfield* and *Robert L. Redfield, Jr.,* with him on the brief: *Hill, Lockwood & Redfield,* attorneys], for the respondents.

Glennon, J. This is an appeal by the defendant Louise Cowperthwait Lawrence from an order denying her motion to open her default in an action wherein the summons and complaint were personally served upon her in the State of New Jersey on July 21, 1928, pursuant to an order of publication. In view of the circum-

stances in this particular case, we believe the court might well have exercised its discretion and have given the defendant a full opportunity to be heard.

By the terms of the judgment which was entered, it was determined that the appellant had renounced all of the benefits provided for her under her father's will, which was probated in Westchester county in 1915. Between that time and the date when the action was instituted, Mrs. Lawrence received checks aggregating $32,125. She did not deposit these checks. The reason assigned by her in her affidavit was that she was not in need of money, and she regarded the money represented by the checks " as her personal property to use when and as she wanted, and assumed that said funds would always be available to her demand." One check for $1,250 was presented by her for payment subsequent to the time the judgment was entered herein, and it was returned by her bank marked " Account closed." She communicated with her brother Morgan Cowperthwait to ascertain the reason for the closing of the account, and thereby learned informally that she had been cut off from all participation in her father's estate, and also from the right to cash the checks which she had received from the trustees. She was advised, and believed, that the service on her of the summons and complaint had no effect or validity in that she was a resident of the State of New Jersey. She now realizes that she made a grave mistake and desires an opportunity to present her side of the case.

We cannot understand the reason why the trustees failed to serve a copy of the judgment upon the defendant, particularly where, as here, she was deprived of all the benefits which were hers by virtue of the wishes of her father. The funds created by him were distributed, as the result of the judgment, between her sister, Mabel C. Eilbeck, and her brother, Morgan Cowperthwait, who shared not only in the accumulation which would have been hers, but also in the principal of the funds out of which she was to derive an income of $2,500 annually during her life. This was not the usual type of action wherein ordinary remedies were demanded. It was addressed to the equity side of the court. Equity required that this defendant should have been apprised of the drastic effects of the judgment in order to deprive her of the right to make this motion, which naturally should appeal to the discretion of the court.

We do not believe, as respondents argue, that the court did not have the right to exercise discretion in favor of the applicant in this case. Section 108 of the Civil Practice Act reads as follows: " Relief against default judgments and orders. The court, in its

discretion, and upon such terms as justice requires, at any time *within one year after notice thereof*, may relieve a party from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise or excusable neglect." Since there was no notice of entry of the judgment served within one year after it was entered, the appellant's application was timely and should have been granted, but we think some costs should have been imposed as a condition for granting the same. As, however, appellant was obliged to appeal in order to obtain the relief which she sought, the order should be reversed, without costs, and the motion granted, also without costs.

MARTIN and TOWNLEY, JJ., concur; FINCH, P. J., and O'MALLEY, J., dissent.

Order reversed and motion granted, without costs.