JOSEPH H. SCRIBNER v. CARRIE B. SCRIBNER.[1]

October 21, 1904.

Nos. 13,994—(61).

**Vacating Judgment of Divorce.**

Independent of statutory provisions contained in sections 5204, 5267, G. S. 1894, which do not apply to actions for divorce, the court therein has inherent power to entertain a motion made in apt time to vacate a judgment and afford relief where its jurisdiction is invoked or based upon some fraud or deceit practiced upon the court by plaintiff. Such an application is addressed largely to the sound discretion of the trial court, and its decision thereon will not be overruled where the affidavits upon which the motion is based are conflicting, unless such finding is clearly and palpably at variance therewith.

Appeal by defendant from an order of the district court for Beltrami county, Spooner, J., denying a motion to vacate a judgment of divorce entered by default in favor of plaintiff. Affirmed.

*R. C. Flannigan, P. J. Russell,* and *Davis, Kellogg & Severance,* for appellant.

*D. H. Fisk,* for respondent.

DOUGLAS, J.

From an order of the district court of Beltrami county overruling defendant's application for an order setting aside a decree of divorce defendant appeals.

Judgment dissolving the bonds of matrimony between the parties was entered by default on June 12, 1903. All statutory requirements to give the court jurisdiction were apparently complied with. Service of summons was by publication. It is claimed, independent of statutory provisions contained in sections 5204, 5267, G. S. 1894, which do not afford relief in actions for divorce, that the court has inherent power to entertain a motion made in apt time to vacate a judgment and afford relief in all cases where its jurisdiction is invoked, based upon some fraud or deceit practiced by plaintiff. We unhesitatingly adopt

[1] Reported in 101 N. W. 163.

this view, and extend the doctrine applied in Young v. Young, 17 Minn. 153 (181); Bomsta v. Johnson, 38 Minn. 230, 36 N. W. 341; Olmstead v. Olmstead, 41 Minn. 297, 43 N. W. 67; Colby v. Colby, 59 Minn. 432, 61 N. W. 460; and Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310—to an issue involving the jurisdiction of the court. The defendant may pursue the statutory remedy provided by section 5434, G. S. 1894, and adopted in the latter case, or apply to the court for an order setting aside the default and judgment.

Aside from the usual return of the sheriff, plaintiff, as a basis for his motion for an order directing the publication of summons, filed his affidavit with the clerk of the district court to the effect that the last known place of residence of defendant was Eldorado, in the county of Fond du Lac, in the state of Wisconsin, and that her present residence could not, with the exercise of due diligence, be ascertained. Our inquiry is limited to the question whether he exercised due diligence in making this inquiry. Affidavits were submitted to the trial court, made by relatives of defendant, residing at Eldorado, Wisconsin, tending to show that they knew her place of residence, and, had plaintiff made inquiry of them, this information would have been furnished. On the other hand, plaintiff filed his counter affidavit to the effect that, acting under the advice of counsel, he proceeded to Eldorado, Wisconsin, and made inquiry of a number of persons, the affidavit of one of whom was filed by defendant, as to the place of residence of his wife, and was unable to obtain such information. In this particular he was corroborated by the affidavits of a number of residents of the place named. The trial court found upon the issue thus presented that neither plaintiff nor his attorney had practiced any fraud or deceit of any kind upon the court, and overruled the motion to vacate such judgment. In addition to the affidavits referred to defendant tendered an answer denying the allegations contained in plaintiff's complaint, charging desertion on his part, and also demanding judgment dissolving the bonds of matrimony existing between them.

Sections 5204, 5267, G. S. 1894, authorize the sustaining of motions as a matter of right to vacate judgments in certain cases where the service of summons is by publication. By express exception these sections do not apply to divorce proceedings, but in such cases where the jurisdiction is claimed to have been obtained by fraud or deceit prac-

ticed by plaintiff a motion to vacate a judgment is addressed largely to the sound discretion of the trial court. Upon a careful examination of the record, including the affidavits presented, we are of the opinion that the finding of the trial court should be sustained. Certainly, the showing made by the affidavits is not so conclusive as to warrant us in setting aside its decision.

Order affirmed.