# BUTLER v. BUTLER.

No. 1668. Opinion Filed March 19, 1912.

Rehearing Denied August 20, 1912.

(125 Pac. 1127.)

1. **PLEADING—Motion to Strike—Petition Good in Part.** A motion to strike a petition from the files because it appears to contain allegations of matter impertinent, immaterial, libelous, and scandalous should not be sustained as to the whole petition, if such petition contains other facts which, if true, would constitute a valid basis for judgment.

2. **DIVORCE—Impertinence and Scandal—Striking Pleading.** A petition to set aside a divorce decree alleged that plaintiff was defendant's lawful wife at the time of divorce; that she was then in the hospital, a physical wreck and of unsound mind, due to a condition brought about by the intimidations and threats of her husband, and that because of such condition was unable to make a defense to the suit for divorce; that none of the grounds of divorce alleged in the petition were true, denying each specifically; that she was compelled by force, threats, and intimidation to waive service of summons, and also set up facts which, if true, would have constituted a good defense to the petition; that the decree was obtained by fraud and false testimony, showing in what the fraud consisted, and also alleging facts which, if true, showed that the husband had not been a bona fide resident of the state for a year prior to the filing of the divorce petition. **Held,** that the petition stated facts which, if true, entitled plaintiff to the relief prayed, and that it was error to strike it from the files because of other immaterial, impertinent, and scandalous allegations.

(Syllabus by Harrison, C.)

*Error from District Court, Garfield County;*
*M. C. Garber, Judge.*

Action by Edyth A. Butler against Silas A. Butler to set aside decree of divorce. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Hackney & Lafferty,* for plaintiff in error.

*McKeever & Walker,* for defendant in error.

Opinion by HARRISON, C. This action was filed April 8, 1910. It was instituted under the provisions of article 21,

c. 87, Comp. Laws 1909, by Edyth A. Butler against Silas A. Butler to vacate and set aside a decree of divorce granted Silas A. Butler November 15, 1909, by the district court of Garfield county. Summons was issued and served. Within a few days subsequent thereto, plaintiff filed an amended petition. Defendant appeared and moved to strike the petition and amended petition from the files for the following reasons:

"* * * That from an inspection and consideration of both petition and amended petition filed herein, it is at once apparent that the matter contained in said petitions, or either of them, does not constitute grounds for consideration by this court, and is not accompanied with the kind of proof that such actions would necessarily require to be attached to and made a part of such petitions, and for the further reason that it appears from an inspection of said petitions, and each of them, that the matter contained therein is frivolous, impertinent, scandalous, libelous, and not in proper and suitable language for either of said petitions, and that it is apparent from the most casual inspection that the purpose of said petition is not to obtain rights or to relate a story of wrongs, but simply to cause trouble, and to disturb the social status of a citizen who has heretofore complied with the laws of Oklahoma, and from casual inspection of said petition it is apparent that it is of such a nature that the court should not waste its time or blot its records by considering or preserving the same, and therefore it is proper and right that said petition and amended petition be each stricken from the records of Garfield county and not preserved in any form or considered as legal documents. * * *"

This motion was sustained, and the pleadings ordered stricken from the files. Plaintiff's counsel refused to plead further, filed motion for new trial, which was overruled, and plaintiff appealed to this court.

We think the court erred in sustaining defendant's motion to strike. Notwithstanding the petition contains a great amount of surplus, redundant, immaterial, and possibly scandalous matter, yet among the mass of garbage are material facts which, if true, should receive the court's attention and would justify a vacation of the judgment. If the material allegations are sufficient to warrant a judgment, the plaintiff, especially in an action of this kind, should not be charged with the reprehensible charac-

ter of the pleadings. The petition alleges, in substance, that at the time the divorce was granted Silas A. Butler she was his lawful wife; that she was then in the hospital at Winfield, Kan., from a condition of health which had been brought about by the advice, procurement, threats, and intimidations of her husband; that at that time she was a physical wreck and of unsound mind; and that because of her demented mental condition she was unable to make her defense in his suit for divorce.

It also alleges that none of the grounds for divorce alleged in his petition were true, giving the alleged grounds and denying them specifically. It shows that by threats, intimidation, and force a waiver of service of summons was procured from her by her husband at a time when she was mentally incompetent to act for herself, and further contains allegations which, if true, would have constituted a good defense to his petition, had she been mentally competent to look after her defense and physically able to do so. It alleges that such decree was procured through fraud and upon false testimony, and shows in what the fraud consisted and wherein the testimony was false. It also shows that defendant had failed to comply with the order of court in the payment of money for the support of the child.

It is further alleged that, some years prior to the filing of her husband's suit, they had removed from Oklahoma to eastern states and resided in eastern states, and returned to Waukomis, Okla., just before Christmas in 1908, which fact, if true, would render the decree void, because the plaintiff had not been a residiff to a hearing, and, if they were found true, were sufficient to his petition. These allegations were sufficient to entitle the plaindent of Oklahoma for as much as one year prior to the filing of entitle her to judgment setting aside the decree of divorce.

Therefore the judgment of the court below, sustaining the motion to strike, should be reversed, and the cause remanded.

By the Court: It is so ordered.