WILLARD I. LAIRD v. FLORENCE EUGENIA LAIRD.[1]

May 20, 1921.

No. 22,046.

**Divorce — residence of plaintiff.**
1. The record sustains the finding that the plaintiff had been a resident of Minnesota for a full year before the commencement of the action.

**Same — vacation of final decree.**
2. A final judgment in an action for divorce cannot be vacated on the ground that the defendant failed to answer through mistake or excusable neglect.

Action for divorce in the district court for Steele county. The case was tried before Childress, J., who made findings and granted plaintiff absolute divorce. From an order denying defendant's motion to set aside the judgment of divorce and for leave to answer, defendant appealed. Affirmed.

*James P. McMahon,* for appellant.
*A. W. & F. W. Sawyer,* for respondent.

TAYLOR, C.

This is an appeal from an order refusing to set aside the judgment and permit the defendant to answer in an action for divorce.

The action was brought by Willard I. Laird in the district court of Steele county in this state. The summons and complaint were served on Mrs. Laird personally in the city of Chicago, Illinois, on April 26, 1916. She took them to an Illinois attorney and had him bring an action in her behalf in that state for a separate maintenance, and procure a tem-

[1]Reported in 182 N. W. 955.

porary injunction from the Illinois court restraining Mr. Laird from prosecuting the divorce action in Minnesota during the pendency of the Illinois action. The Illinois action was tried in the latter part of 1917, and resulted in a judgment, rendered in the early part of January, 1918, granting Mrs. Laird the sum of $85 per month for her maintenance, and vacating the injunction restraining Mr. Laird from prosecuting the divorce action. Thereafter, he brought the divorce action to a hearing, and on February 23, 1918, a judgment was rendered therein granting him an absolute divorce. This judgment also provided for paying Mrs. Laird the sum of $85 per month as alimony, the same amount allowed her for maintenance by the Illinois court. Mrs. Laird never appeared in the divorce action in any manner at any time. The $85 per month has been paid to and received by her regularly ever since it was awarded to her. On June 19, 1919, Mr. Laird married again, at Owatonna in Steele county, and ever since has been living with his second wife. On March 26, 1920, notice of a motion to vacate the judgment of divorce was served on him. From the denial of this motion the present appeal is taken.

The only matter of any merit presented in support of the motion is the claim that Mr. Laird was not a bona fide resident of the state of Minnesota. The court found as a fact that he had been a resident of this state for a full year immediately before the commencement of the action and this finding is well sustained by the record.

The defendant also asked to have the judgment vacated and for permission to answer, on the ground that her failure to answer was due to mistake and excusable neglect, but the statute permitting the vacation of a judgment on that ground does not apply to a final judgment in an action for divorce. G. S. 1913, § 7786. Moreover her claim in that respect is clearly shown to be unfounded.

Order affirmed.