Samuel Gysin, Appellant, *v.* Anna Gysin, Respondent.

(Argued January 18, 1934; decided February 27, 1934.)

*H. Andrew Schlusberg* for appellant. A final judgment of divorce may not be set aside after the two-year limitation provided by section 528 of the Civil Practice Act except for fraud. (*Furman* v. *Furman*, 153 N. Y. 309; *Kahn* v. *Kahn*, 126 Misc. Rep. 44; *Cary* v. *Cary*, 144 App. Div. 846.) The defendant to prevail must prove that there was fraud in the very means by which the judgment was procured. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Ross* v. *Wood*, 70 N. Y. 8; *Fuhrmann* v. *Fanroth*, 254 N. Y. 479; *Crouse* v. *McVickar*, 207 N. Y. 213; *United States* v. *Throckmorton*, 98 U. S. 61; *Ward* v. *Town of Southfield*, 102 N. Y. 287.) No fraud of any kind was perpetrated upon the defendant by the plaintiff. (*Maguire* v. *Maguire*, 75 App. Div. 534; *Redding* v. *Redding*, 60 Hun, 586.)

*Gideon G. W. Green* for respondent. The Supreme Court has power independent of statute to modify, vacate and set aside its judgments. (*Clark* v. *Scovill*, 198 N. Y. 279; *Weston* v. *Citizens' Nat. Bank*, 88 App. Div. 330; *Rothschild* v. *Haviland*, 172 App. Div. 562; *Warren* v. *Union Bank of Rochester*, 157 N. Y. 259; *Mack* v. *Hines*, 112 Misc. Rep. 381.) The defendant presented facts showing a reasonable excuse for her failure to appear and defend and facts showing that she has a meritorious defense. (*Gude* v. *Noblett*, 112 Misc. Rep. 219.)

O'BRIEN, J. In October, 1928, an interlocutory decree of divorce was entered by default in favor of plaintiff against defendant, and the judgment roll was filed. In January, 1929, that decree by its terms became final. On motion of defendant dated September 22, 1932, for an order setting aside the final judgment on the ground that it had been fraudulently obtained, the Special Term on

November 12, 1932, vacated it, gave defendant another opportunity to answer the complaint and set the case for trial during the January, 1933, term. The certified question requires an answer whether, on the facts presented, the Special Term had power and authority to grant its order of November 12, 1932.

Section 528 of the Civil Practice Act provides: "A motion to set aside a final judgment, for error in fact not arising upon the trial, shall not be heard, except as herein specified, after the expiration of two years since the filing of the judgment roll." This section is derived from sections 1290 and 1291 of the Code of Civil Procedure, and cases of fraud are not within its provisions. (*Furman* v. *Furman*, 153 N. Y. 309.) If defendant has tendered any evidence from which fraud may be inferred in matters not arising on the trial, the disposition of her motion lay within the discretion of the Special Term. Fraud, if existing, could not have been practiced on the trial, for there was no trial. Defendant suffered default. Is there any evidence of fraud by which she was induced to forego the service of an answer in the action?

Error of fact and error of law committed by defendant, there may have been. She admits that in October, 1928, she was served with the summons and complaint in this action but she alleges that, being foreign born, she did not then know the meaning of the words " divorce " or " decree of divorce " and did not understand the language or significance of the complaint. She had then resided in this country for thirty years. She showed the papers to the chief of police of Gloversville who, as she states, told her that her husband was crazy, that the matter amounted to nothing and that she need pay no attention to it. She makes no pretense that the advice was given in bad faith and alleges no collusion between her husband and the chief of police. Without evidence that she consulted with any of her children, all born in this country and familiar with its language and customs, or with

friends or with an attorney, she allowed judgment to be taken against her by default. No fraud of any description can be perceived in the transaction and in the absence of fraud there is no power in the court, after the expiration of four years, to act in contravention of the plain prohibition embraced within section 528 of the Civil Practice Act.

The order of the Appellate Division and that of the Special Term should be reversed, the motion denied, without costs to either party, and the question certified answered in the negative.

POUND, Ch. J., CRANE, LEHMAN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Ordered accordingly.