## ISENSEE MOTORS v. EARL C. RAND.[1]

January 24, 1936.

No. 30,616.

Earl H. A. Isensee, for appellant.

Meshbesher & Anderson and Rustad & Danielson, for respondent.

PER CURIAM.

Upon a purported personal service of the summons with complaint attached and affidavit of no answer, judgment was entered May 10, 1930, in favor of plaintiff pursuant to findings of fact and conclusions of law made and filed upon due proof of the causes of action alleged in the complaint. In March, 1935, defendant moved to vacate the judgment on the ground that the summons had not been served. The motion was heard by Judge Cameron upon the files and records and affidavits produced and filed by the parties.

[1] Reported in 264 N. W. 782.

On April 26, 1935, Judge Cameron filed an order denying the motion. There was no appeal. Thereafter, on an order to show cause, defendant, on May 20, 1935, moved Judge Nye, upon all the files and defendant's affidavit and a proposed answer, to open the judgment and allow him to defend. Neither the order to show cause nor the motion set forth any grounds for relief. The proposed answer was verified. The court granted the motion, and plaintiff appeals.

The application of defendant to Judge Nye was under 2 Mason Minn. St. 1927, § 9283, which provides:

"The court, in its discretion, may likewise permit an answer * * *; or at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment, * * * taken against him through his mistake, inadvertence, surprise, or excusable neglect."

Where a showing is made of a meritorious defense to a cause of action upon which judgment has been entered for want of answer, judicial discretion is strongly inclined to open the judgment and grant defendant leave to serve an answer if any reasonable excuse is given for the default. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 5012 and 5013.. However, he must move within one year after notice of the judgment. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5015. A serious obstacle to opening this judgment is the lapse of time. This motion was not made until more than five years after the rendition of the judgment. It is difficult to understand how Judge Nye could find that defendant was ignorant of the existence of a judgment until he learned that an execution had been levied on his property in 1935. Defendant from his own affidavit appears to be an experienced automobile salesman. The main cause of action stated in the complaint arose out of the sale of an automobile to defendant under a conditional sales contract. His proposed defense is a return of the car prior to the suit upon the agreement that thereby the contract was settled and ended. Because of Judge Cameron's order it must be conclusively settled that he had notice of the suit from the time the summons,

with the complaint attached, was served. The plaintiff therefore proposed to take judgment against him in disregard of his claimed settlement. The failure of the order to show cause and the motion to state the grounds or basis for the motion as required by the rule of court may be overlooked if the affidavit of defendant, aside from the futile assertion that he had not been served with summons, showed facts tending to adduce a reasonable excuse or ground upon which the court could exercise its discretion to open the judgment and grant defendant leave to serve his proposed answer. His re-assertion in this affidavit of no service of summons upon him should go against him, after Judge Cameron's finding to the contrary, which now stands as a verity. So the only ground that brings him within time is that such an intelligent person as defendant appears to be, from his own showing, could have remained in ignorance for five years of the fact that plaintiff had entered judgment in the action wherein he knew that there had been personal service of summons and complaint upon him. That he believed he had a good defense was not an excuse for defaulting. Had the agreement defendant alleges as a defense been made after the service of summons, the failure to answer could readily be excused as in Voorhees v. Geiser-Hendryx Inv. Co. 52 Or. 602, 98 P. 324. Wagner v. Broquist, 181 Minn. 39, 231 N. W. 241, cited by defendant, is not in point, for the application to open the judgment was made within one year after its rendition. Such was the situation also in Baxter v. Chute, 50 Minn. 164, 52 N. W. 379, 36 A. S. R. 633; Hasara v. Swaney, 161 Minn. 94, 200 N. W. 847. But it was for the court below to determine whether or not defendant had notice of the judgment prior to the time of the attempt to enforce it in 1935.

However, having found that defendant had no notice of the existence of the judgment until shortly before this motion was made, there yet remains the fact whether, because of Judge Cameron's decision that defendant had been personally served with the summons and complaint in April, 1930, his long default is excusable. His intelligence precludes the thought that he was ignorant of the legal significance of the documents served on him. He does not claim that he was. He does not claim that he forgot that he had

been served. It must be conceded that the showing of mistake, inadvertence, or excusable neglect upon which the default could be relieved is almost entirely lacking; but since the granting of relief rests in the sound discretion of the district court we may not reverse unless there appears to have been an abuse of discretion. The fact that the $1,380 car bought by defendant was returned to plaintiff within two months, having been driven less than 2,000 miles, that defendant in the transaction delivered a second-hand car priced at $431 and $60 in cash to plaintiff, which it retains, and that plaintiff has now a judgment against defendant of over $900, including interest, appeals to the discretion of the court. That is, for the use of plaintiff's car for two months, driving less than 2,000 miles, defendant parted with $491 to plaintiff and still owes it over $900 upon this judgment. The majority of the court fail to find abuse of discretion in Judge Nye's order opening the judgment for the purpose of permitting defendant to interpose his answer and have a trial on the merits.

Order affirmed.