## MADELINE A. WILHELM v. FRED C. WILHELM.[1]

December 24, 1937.

No. 31,409.

[1]Reported in 276 N. W. 804.

*Simon Meyers,* for appellant.

*Neil Hughes* and *Walter J. Welch,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying his alternative motion to vacate a judgment and for leave to answer in a divorce suit, or, if that be denied, to relieve him of certain alimony and other payments required thereby.

Plaintiff's suit for divorce was heard and determined as a default case, defendant not having answered the complaint. He had, however, entered into a stipulation of settlement wherein it was recited that the parties to the suit were "desirous of amicably adjusting and settling" alimony, attorney's fees, costs of suit, "and title to

and ownership of the real and personal community property of the parties." This instrument bearing date January 10, 1936, and executed by the parties to the suit in person, was prepared by plaintiff's then counsel. The cause was heard and findings made May 5, and on the following day judgment was entered. Findings and judgment accord with the stipulation of settlement as to property rights and interests. On August 6, 1936, defendant moved the court for an order vacating the judgment removing his default in not having made timely answer, and tendering a form of answer and cross complaint which he asked leave to interpose. He further asked, in the alternative if the mentioned motion were denied, that the court relieve him from the burdens imposed by the judgment as "plaintiff has been guilty of immoral conduct * * * such as to forfeit the right to all alimony and to any and all further payments from defendant." That motion came on for hearing and was heard August 19. Defendant's motions and supporting proof were met by counter affidavits by plaintiff, her attorney, and others. The court, after hearing and considering the matters then presented, on the day mentioned, made an order denying defendant's application to vacate the judgment but provisionally granting the motion insofar as the same sought to review the alimony and other money payments therein provided for. The court was of the view that from the showing made it was proper to make inquiry into defendant's changed financial situation since the decree was entered, also that plaintiff's conduct since then merited investigation.

As the principal case was heard as a default, the testimony adduced in plaintiff's behalf was not preserved. But the record is complete as to evidence taken pursuant to that portion of the order granting defendant's motion. The hearing thereon was had September 14. On November 19 an order was made again denying defendant's motion to vacate the judgment but granting him certain relief respecting alimony and other payments.

■ For plaintiff it is urged that the part of the order denying defendant's motion to vacate and for leave to answer was not appealed from within the statutory limit of time, that is, within 30 days after notice of the filing of the first mentioned order. It

appears, however, that a subsequent motion was made by plaintiff on December 11, wherein she sought certain "amendments, alterations and changes." This was heard on the 19th, and on March 4, 1937, the court granted the motion so that the original findings and conclusions "be and the same are hereby amended, as follows: 1. That the motion for an order vacating and setting aside the findings of fact, conclusions of law, order for judgment, and leave to interpose the proposed answer on the part of defendant attached to the original moving papers, be and the same is hereby in all respects denied." The remaining part of the order has to do with modifications of alimony and other payments provided for in the original judgment and will be more fully discussed later.

That the court intended to and did reconsider the entire matter as originally presented by defendant we think clearly appears. In addition to the quoted paragraph, the court said, paragraph 6: "This order to *supersede* and to clarify" the former order, "save and except that the memorandum therein is made a part of this order." In view of what the last mentioned order recites, we are of opinion that the court's act was "a reconsideration of the merits on * * * motion," and in such case "there could be no question of the right to appeal from the last order." Barrett v. Smith, 183 Minn. 431, 439, 237 N. W. 15, 19. The particular question was determined by this court in LaPlante v. Knutson, 174 Minn. 344, 219 N. W. 184, where the syllabus reads:

"The strict rule of *res adjudicata* does not apply to motions in a pending action. The district court has jurisdiction and may in its discretion allow the renewal of a motion to vacate a judgment and relieve from default. The irregularity of failing to procure leave to make it is cured by the overruling of an objection to the hearing of the second motion."

Taking up next the questions presented by defendant, we consider first whether the court was justified upon the showing made in denying defendant's motion to vacate the decree of divorce and granting him leave to answer. That question is not entirely free from doubt upon the showing made. The rule is that courts should

be liberal in relieving from default and allowing defendant to answer. But that rule has its qualifications and limitations. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 2799b, and cases cited in notes. But, at any rate, the court's discretion necessarily was called into play. We are not prepared to say that its discretion was abused. There was a clear conflict in the evidence upon which the motion was made and met. Furthermore, we think the rule laid down in Laird v. Laird, 149 Minn. 104, 182 N. W. 955, precludes granting the relief defendant here sought insofar as the divorce itself is concerned. Here, as in that case, there was personal service upon defendant of the summons and complaint in the divorce action. He was a resident of this state. The court had plenary jurisdiction of the parties and of the subject matter. A final judgment had been entered. Under such circumstances, it seems clear that 2 Mason Minn. St. 1927, §§ 9236 and 9283, prevents the relief sought by defendant upon the showing made and the grounds upon which it was founded. The relief provided for in the first cited section of the statute specifically excepts "an action for divorce," and the next section just as specifically provides "that this section shall not apply to a final judgment in an action for a divorce." In the Laird case (149 Minn. 105), where the facts were quite similar to those here presented, the court said:

"The defendant also asked to have the judgment vacated and for permission to answer, on the ground that her failure to answer was due to mistake and excusable neglect, but the statute permitting the vacation of a judgment on that ground does not apply to a final judgment in an action for divorce."

█ ▪ This then leaves only the question of whether defendant was by means of fraudulent acts or concealment on plaintiff's part or on the part of her attorney prevented from presenting his defense. On this phase the record leaves no doubt that the court was entirely justified in reaching the conclusion it did.

█ The burdens placed upon defendant respecting alimony and the payment of other items were extremely burdensome. Plaintiff, a young woman, physically well and thoroughly capable of making

her own way in life, was awarded $350 per month as alimony. She was given the homestead of the parties, then of record in her name to be sure, but paid for entirely out of defendant's earnings. The cost thereof, including furnishings, was $42,000. The property was in excellent shape and even at the time of trial was considered to be worth at least $25,000. There was a mortgage thereon amounting to less than $7,000; payable in semiannual payments of $250 with interest. Defendant was to pay this mortgage, including taxes, insurance, and other items. "By reason of change in circumstances of the parties, although it appears that the stipulation [made the basis for the court's allowance in the divorce decree] was entered into at the request of and the conditions dictated by defendant, the court feels at this time that there should be a modification" so that all payments of alimony and other items falling due after October 1, 1936, should be "cut off" as of that date. Another reason why the court made this change is that Lindbloom v. Lindbloom, 180 Minn. 33, 230 N. W. 117, in the court's opinion, justified a change because of plaintiff's immoral conduct. There is no question about her immorality. We prefer not to go any further into that subject, a delicate one at best, and in this case more inexcusable than in most cases. By this we do not mean to say that defendant is in position to point a finger of scorn at his former wife. His morals, judging from the court's findings in the divorce action, were not a bit better.

But this difficulty, if it can be so labeled, *i. e.,* that the parties are *in pari delicto,* does not excuse us from the duty of determining whether the payments that were due at the time this motion was heard should be entirely "cut off" or if the lower court's action should be approved as effective October 1, 1936. The total amount with which defendant was charged and for which he is liable as the decree now stands is in excess of $5,500. Admittedly, defendant has nothing upon which anyone can lay his hands to make this sum, or anything approaching it, collectible. Defendant's earnings in the past when times were good were very high, as much as $15,000 per annum. But long prior to the time of the divorce he had suffered financial reverses. He and his wife had lived in affluence. They spent his income as fast as it came in building an extravagant

home and in its furnishing. He provided his wife with a costly motorcar, furs, jewelry, and raiment of all types way beyond what prudence should have dictated. Defendant has nothing except his earning capacity in the future. He is now engaged in buying old machinery and laundry equipment, remodeling and rebuilding the same for sale. His future is extremely precarious, in fact about as uncertain and dubious as anything can be. With this judgment hanging over his head it is obvious that credit with which to aid him in accomplishing anything worthwhile is gone.

Plaintiff has received much more than would ordinarily be awarded her. As the thing stands, she has already received much more than defendant can reasonably hope to gather during the remainder of his life. He was 46 years of age when this matter was heard, she only 30. Under these circumstances, we feel and believe that justice can best be done by cutting off all accumulations in the way of money payments and thereby leave the parties otherwise as determined by the divorce decree.

While divorce jurisdiction is statutory and as such only such powers as have been delegated may be exercised by the court, yet the fact remains that under the provisions of 2 Mason Minn. St. 1927, § 8603, the court has adequate authority to "revise and alter" its orders and decrees respecting alimony and other kindred subjects, and, "may make any order respecting any of the said matters which it might have made in the original action." Sivertsen v. Sivertsen, 198 Minn. 207, 210, 211, 269 N. W. 413, 415. If defendant's financial situation "had been as precarious at the time of the original hearing as it is now" (198 Minn. 211), we think the record clearly establishes that the court could not have granted such heavy burdens as were created by the original order. And we also think that, as presently modified, justice has been accorded the parties.

It is therefore considered that the order for review be modified in conformity with the views herein expressed and, as so modified, affirmed.

So ordered.