ROBERT L. REDFIELD et al., as Trustees under the Will of MONTGOMERY B. COWPERTHWAIT, Deceased, et al., Appellants, *v.* WALTER CRITCHLEY et al., as Executors of HERBERT M. COWPERTHWAIT, Deceased, et al., Appellants, and LOUISE C. LAWRENCE, Respondent.

Argued January 25, 1938; decided March 15, 1938.

*Philip W. Lowry* for appellants. The court had no power to grant the motion to vacate after the expiration of five years since the filing of the 1928 judgment. (*Gysin* v. *Gysin*, 263 N. Y. 509; 264 N. Y. 595; *Delaplaine* v. *Hitchcock*, 6 Hill, 14.) Defendant-respondent was not entitled to be relieved from the 1928 judgment even under section 108 of the Civil Practice Act. (*Delaplaine* v. *Hitchcock*, 6 Hill, 14; *Furman* v. *Furman*, 153 N. Y. 309; *Malicky* v. *Rosenberg*, 152 Misc. Rep. 197; *Schlimmer* v. *N. Y., Ontario & Western R. R. Co.*, 212 App. Div. 782.)

*John L. Wells* for respondent. The motion to open the default was made under section 108 of the Civil Practice Act, and under that section the Appellate Division had power to vacate the default judgment. (*Furman* v. *Furman*, 153 N. Y. 309; *Ladd* v. *Stevenson*, 112 N. Y. 325; *Donnelly* v. *McArdle*, 14 App. Div. 217; *Matter of Cartier* v. *Spooner*, 118 App. Div. 342.) The

one-year limitation did not begin to run until respondent was served with a copy of the judgment and no such service was ever made. (Civ. Prac. Act, § 108.)

LOUGHRAN, J. Montgomery B. Cowperthwait died in 1915. He left a will which was admitted to probate by the Surrogate's Court of Westchester county. By the provisions thereof his daughter, Louise Cowperthwait Lawrence, was to receive during her life $2,500 a year as income from a trust thereby established.

Over a period between 1915 and 1928 the trustees made remittance for such income to Mrs. Lawrence by twenty-six checks for the aggregate sum of $32,125. She retained those checks without depositing any of them for collection. The trustees wrote to her about her failure to do so. She answered none of their queries. During this period there was no accounting of the administration of the trust.

In that state of affairs the trustees, in June, 1928, brought this action against Mrs. Lawrence and the trust remaindermen. The complaint prayed a declaration of the effect of the foregoing facts upon the respective rights and legal relations of all parties in interest.

At that time Mrs. Lawrence resided in the State of New Jersey. The summons and complaint in this action were there delivered to her personally pursuant to an order for service by publication. When she defaulted in appearing, final judgment was rendered against her on November 12, 1928. It was thereby declared that she had renounced all the benefits provided for her by the will of her father, with the result that the trust for her life set up by that instrument had terminated by operation of law. The accounts of the trustees were thereby judicially settled and they were directed to distribute the balance of trust principal and of accumulated income then in their hands to the persons entitled to the gifts in remainder. Distribution was made accordingly. No copy of this judgment or notice of entry thereof was ever served upon Mrs. Lawrence.

In May, 1934, she moved to vacate this judgment of November 12, 1928. The motion was denied by the Special Term and granted by the Appellate Division. Mrs. Lawrence then served an answer and, after trial of the issues, the court found that she " never intended to waive or renounce her rights to receive said $2,500 per annum under her father's will and never intended that the accumulated interest should be paid to any one other than herself." There is evidence sufficient to support that finding. The judgment entered thereon in substance has restored the several parties in interest to the positions respectively occupied by them prior to commencement of this action.

This determination having been affirmed at the Appellate Division, the parties other than Mrs. Lawrence now appeal therefrom to this court, specifying in their notice of appeal their intention to bring up for review the intermediate order of the Appellate Division which had vacated the judgment of November 12, 1928. Whether there was power to vacate that judgment is the single question left for decision.

Section 528 of the Civil Practice Act provides: " A motion to set aside a final judgment, for error in fact not arising upon the trial, shall not be heard, except as herein specified, after the expiration of two years since the filing of the judgment-roll." The exceptions specified in section 528 have no relevancy to this case. Mrs. Lawrence, as we have noticed, did not move to vacate the judgment of November 12, 1928, until more than five years after entry thereof against her. The ground of her motion for that relief was that she had been " advised that as she was a resident of New Jersey, the service upon her of the summons and complaint in this action had no effect or validity." We assume with the appellants that this unwarranted conclusion was an error in fact. The error did not arise upon a trial. Conse-

quently, if section 528 is here applicable, the present judgment in favor of Mrs. Lawrence must be reversed and the judgment entered against her on November 12, 1928, must be reinstated.

Section 108 of the Civil Practice Act provides: " The court, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, may relieve a party from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise or excusable neglect." The Appellate Division has held that section 108 authorized its order granting the motion of Mrs. Lawrence to vacate the judgment of November 12, 1928.

Sections 108 and 528 are to be read together so that both shall have due and conjoint effect (*Matter of Kaplan* v. *Peyser*, 273 N. Y. 147). Section 108 is captioned, " Relief against *default* judgments and orders." Section 528 fixes the time for " a motion to set aside a final judgment, for error in fact not arising *upon the trial.*" We think that when the context of either section is matched with the context of the other no necessary conflict results. Section 528 is addressed to judgments after trial and not to inquests on default, to which section 108 is made applicable in terms.

The judgment of November 12, 1928, was directed upon a referee's report. He made this finding: " That the complaint in this action which contains an allegation that the said Louise Cowperthwait Lawrence had failed to accept the benefits provided for her in said Will of Montgomery B. Cowperthwait and had failed to cash the said checks was served personally upon the said Louise Cowperthwait Lawrence and she did not appear or answer herein."

We agree with the Appellate Division that the judgment of November 12, 1928, was (as to Mrs. Lawrence) a default judgment within the scope and meaning of section 108.

Our decision in *Gysin* v. *Gysin* (263 N. Y. 509) is not authority to the contrary. In that case the action was one for divorce, and, although the wife failed to appear, the judgment there granted in favor of the husband was not a default judgment in any fair sense. (See Civ. Prac. Act, § 1150.) "No judgment annulling a marriage contract, or granting a divorce, or for a separation, shall be made of course by the default of the defendant, or in consequence of any neglect to appear at the hearing of the cause, or by consent" (Rules Civ. Prac., rule 283). A default is in legal effect the equivalent of a demurrer (*Foster* v. *Smith*, 10 Wend. 377). Such a constructive admission will not do for the purposes of judgment in a matrimonial action. Though the defendant spouse be absent, the hearing that must none the less be had therein is in essence a trial (Rules Civ. Prac., rule 282). The judgment in the *Gysin* case was thus a judgment after trial within the scope and meaning of section 528.

A further inquiry as to the construction of section 108 remains to be made. The Appellate Division was of opinion that the word "notice" as used in that section means service of a copy of a default judgment with written notice of the entry thereof (243 App. Div. 70). On that interpretation the court had power in its discretion to vacate the judgment entered against Mrs. Lawrence on November 12, 1928, in as much as she never received any formal notice thereof.

Appellants point out that the notice prescribed by section 108 is not declared to be actual notice and that Mrs. Lawrence (since she was duly served with process) had constructive notice of the resulting judgment of November 12, 1928. They argue that to read section 108 as requiring more than constructive notice would be unjustly to impose upon a judgment party the difficulty and expense of locating a defaulting party, who may avoid service of notice of a judgment against him. This prospect, we think, is quite shadowy. Section 108

confers upon the court jurisdiction to relieve against a default judgment " in its discretion, and upon such terms as justice requires." The court can exercise this discretion against a defaulting party who has avoided or made difficult the notice to which the statute entitles him.

We see no reason why the notice imported by section 108 should not be taken to be the usual notice of a judgment, that is to say, service of a copy thereof with written notice of entry, as the Appellate Division has held.

It is no more than just to add that nothing in this record suggests to us that the trustees were here actuated by anything other than a disposition to administer properly the trust committed to their care.

The judgment appealed from should be affirmed, without costs. The motion to dismiss the appeal should be denied, without costs.

CRANE, Ch. J., LEHMAN and O'BRIEN, JJ., concur; RIPPEY, J., dissents; HUBBS and FINCH, JJ., taking no part.

Judgment affirmed, etc.