CARL A. BERG v. RUBY V. BERG.[1]

November 19, 1948.

No. 34,701.

*A. R. Segal* and *Ralph L. Berman,* for appellant.
*Frank J. Collins, William G. Kohan,* and *John Ott,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal by plaintiff from an order vacating a default divorce decree, permitting defendant's proposed answer to stand, and setting the case down for trial.

[1]Reported in 34 N. W. (2d) 722.

In the original divorce action, plaintiff, Carl Berg, charged his wife, Ruby Berg, with misconduct, cruelty, and desertion. Prior to the trial, she charges that he made threats of physical harm to her and their children and that he later served on her affidavits of three proposed witnesses which recited perverted conduct by defendant with her baby son, but without motion by plaintiff for custody or other relief. Defendant asserts that, intimidated by these affidavits and by plaintiff's threats, she stipulated not to interpose an answer and gave up all right to the home and personal property and to the custody of the two minor children.

The stipulation was dated June 27, 1946, and the final default divorce decree was entered August 13, 1946. On November 7, 1947, defendant filed a motion to amend the decree, supported by an affidavit that she had been intimidated into entering into the stipulation by threats of physical harm and defamation and by further charges against her character, but that now her physical condition has improved sufficiently to contest the custody of her children. After this motion was heard in part, she made a further motion December 22, 1947, to set aside the default decree on the grounds of coercion, duress, and fraud. The motion was granted, and plaintiff's appeal followed.

The question presented here is whether it was an abuse of discretion to vacate the default decree on the ground that the service without a motion of affidavits alleged to be slanderous and defamatory, reciting perverted conduct by defendant, in addition to threats of physical harm, was a fraud upon the court granting the original decree.

The decision to set aside a final divorce decree on the grounds of fraud and duress is discretionary with the district court, in the absence of a clear showing of abuse of discretion.[2] The showing necessary to set aside the previous default judgment and to set

[2]Scribner v. Scribner, 93 Minn. 195, 101 N. W. 163; Wilhelm v. Wilhelm, 201 Minn. 462, 276 N. W. 804. Cf. Cahaley v. Cahaley, 216 Minn. 175, 12 N. W. (2d) 182, 157 A. L. R. 1. See, also, Isensee Motors v. Rand, 196 Minn. 267, 264 N. W. 782; Restatement, Judgments, § 121, *comment on clause (b)*.

the case down for trial is a question peculiarly within the province of the trial court under the circumstances of each case. On the one hand, it is desirable to obtain repose of matrimonial disputes and settlements.[3] On the other hand, the state is an interested party in questions involving the custody of children, the property rights of the spouses, and in maintaining the rules concerning marriage and divorce.[4]

Prior to the final decree, there was no hearing of the matters alleged in the affidavits. In fact, the affidavits were not presented to the court until attached to an affidavit by plaintiff in opposition to defendant's motion of November 7, 1947, and again in opposition to the motion to vacate the default decree. The circumstances under which it is alleged that these defamatory affidavits were served on defendant, the absence of a motion, and the claim that plaintiff threatened her with bodily injury are, in our opinion, a sufficient basis for the trial court's conclusion of duress and extrinsic fraud tending to prevent defendant from making a defense, fully justifying the order of the court below.[5] An intentional act by one who has brought a divorce action having the effect of preventing his adversary from making a defense amounts to fraud upon the opposing party, as well as upon justice, justifying a court in setting aside the decree so obtained.[6] In the case of Young v. Young, 188 Ga. 29,

[3]Walters v. Walters, 151 Minn. 300, 186 N. W. 693; Volkman v. Volkman, 151 Minn. 78, 185 N. W. 964; Selvig v. Selvig, 175 Minn. 71, 220 N. W. 546; La Fond v. La Fond, 102 Minn. 344, 113 N. W. 896.

[4]Young v. Young, 17 Minn. 153 (181); Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086; Cahaley v. Cahaley, 216 Minn. 175, 12 N. W. (2d) 182, 157 A. L. R. 1.

[5]Cf. Helmes v. Helmes, 24 Misc. 125, 52 N. Y. S. 734; Young v. Young, 188 Ga. 29, 2 S. E. (2d) 622; Nichols v. Nichols, 174 Or. 390, 143 P. (2d) 663, on rehearing, 149 P. (2d) 572. See United States v. Throckmorton, 98 U. S. 61, 65-69, 25 L. ed. 93.

[6]Young v. Young, 17 Minn. 153 (181). Cf. Cahaley v. Cahaley, 216 Minn. 175, 12 N. W. (2d) 182; True v. True, 6 Minn. 315 (458); Scribner v. Scribner, 93 Minn. 195, 101 N. W. 163; Olmstead v. Olmstead, 41 Minn. 297, 43 N. W. 67; Helmes v. Helmes, 24 Misc. 125, 52 N. Y. S. 734; Gysin v. Gysin, 263 N. Y. 509, 189 N. E. 568, rehearing denied, 264 N. Y. 595, 191 N. E. 581;

2 S. E. (2d) 622, after a lapse of two years from the final divorce decree, petitioner alleged that the mother had threatened bodily harm to the child in her custody and interference with petitioner's job to obtain the original stipulation and a default judgment from petitioner. The court there held, in a well-considered opinion, that such an allegation was a sufficient charge of duress and coercion, which, coupled with the power to carry out the threats, was sufficient ground upon which to vacate the decree.[7]

■ Plaintiff contends that laches and the lapse of 15 months before defendant took any action to modify the default judgment deprives defendant of the right to a vacation of the decree, but, in view of the grave nature of the charges contained in plaintiff's affidavits, their effect upon the mental state of defendant, the manner in which they were served, and the memorandum of the court below stating that plaintiff's witnesses were yet available, we are of the opinion that the court was justified in concluding that defendant was intimidated from making her defense to plaintiff's charges. The statutory period of one year is not controlling in an action for divorce.[8] In cases involving extrinsic fraud, no fixed period of time can be asserted to show laches conclusively.[9] In this case, plaintiff's threats of physical harm to defendant, in the event that she attempted to regain custody of the children, are alleged to have been repeated after the divorce, and this was given as a reason why defendant refrained

Lake v. Lake, 124 App. Div. 89, 108 N. Y. S. 964; Butler v. Butler, 34 Okl. 392, 125 P. 1127. But cf. Carmichael v. Carmichael, 101 Or. 172, 199 P. 385. See, Brockman v. Brockman, 133 Minn. 148, 151, 157 N. W. 1086, 1087.

[7]See, also, Annotations, 157 A. L. R. 7, 80.

[8]M. S. A. 543.13 and 544.32; Cahaley v. Cahaley, 216 Minn. 175, 12 N. W. (2d) 182, 157 A. L. R. 1. Cf. Wilhelm v. Wilhelm, 201 Minn. 462, 276 N. W. 804; Laird v. Laird, 149 Minn. 104, 182 N. W. 955.

[9]Cf. Young v. Young, 188 Ga. 29, 2 S. E. (2d) 622 (2 years); Dennis v. Harris, 179 Iowa 121, 153 N. W. 343 (1 year, death of husband intervening). See Keough v. St. Paul Milk Co. 205 Minn. 96, 106, 127, 285 N. W. 809, 816, 826 (more than 6 years); Isensee Motors v. Rand, 196 Minn. 267, 268, 264 N. W. 782, 783 (5 years not an abuse of discretion). But see Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086 (under the facts, 5 years was too long a period).

from contesting custody prior to November 1947. Plaintiff does not specifically meet these charges in his affidavits, except by general denial. Under the facts alleged in this case, we cannot say that the lapse of 15 months before taking action to vacate or modify the default decree constituted laches as a matter of law.

Order affirmed.