## LUCILLE V. SWENSON v. RAYMOND N. SWENSON.

101 N. W. (2d) 914.

March 11, 1960—No. 37,857.

*E. Luther Melin,* for appellant.
*Holt & Prescott,* for respondent.

DELL, CHIEF JUSTICE.

Defendant appeals from a default judgment of divorce entered in favor of plaintiff and from certain orders denying, in part, defendant's motions to vacate the judgment.

On November 8, 1958, defendant was personally served in Minneapolis with a summons and complaint wherein plaintiff alleged, among other things, that the defendant was guilty of cruel and inhuman treatment and asked for a decree of absolute divorce. Thereafter, during November and December 1958, counsel for the respective parties unsuccessfully negotiated regarding a property settlement agreement. On January 20, 1959, plaintiff's attorney wrote to the defendant's attorney requesting that the defendant serve his answer to the complaint by January 30, 1959. No answer having been served or other response made to this letter, the plaintiff, on February 10, 1959, filed a default note of issue. A default hearing was held on March 11, 1959. On the following day the defendant and his attorney consulted with the trial court requesting leave to contest the action. The court advised them that he would withhold the signing of the findings of fact, conclusions of law, and order for judgment for one week, during which time defendant could make an appropriate application for the relief requested.[1] On March 20, 1959, the court, after determining that no such motion had been filed or served by the defendant, made and filed its findings of fact, conclusions of law, and order for judgment, granting the plaintiff an absolute divorce and ordering that neither party would have any right, title, or interest in the property owned by the other. Both alimony and plaintiff's attorney's fees and costs had been previously waived.

On March 20, 1959, the defendant's attorney mailed an "Answer and Cross-Complaint" to plaintiff's attorney, which was received by the latter on March 21, 1959. Defendant thereafter promptly moved to vacate the findings of fact, conclusions of law, and judgment, which motion was denied. However, upon defendant's motion for reconsideration, the court ordered that the judgment be provisionally opened but only with respect to the issues of property rights and attorney's fees. Said order was also made upon condition that defendant pay to plaintiff the sum of $150 as and for costs and attorney's fees incurred

---

[1]While the defendant in his brief repeatedly states that the court granted him leave to file an answer, the record, including an affidavit of defendant's counsel, is to the contrary.

in obtaining the default judgment, which sum was not paid by the defendant within the time specified.

Defendant appeals from the above-mentioned orders as well as from the judgment.

■ Defendant first contends that the evidence adduced at the default hearing does not support the court's conclusion that the defendant treated plaintiff in a cruel and inhuman manner. The plaintiff testified, among other things, that the defendant stayed away from home on a number of occasions, sometimes for protracted periods; that on several occasions he was at the apartment of a woman friend; that defendant swore at her and used abusive language toward her; that he failed to supply her with adequate money for groceries and rent; and that his conduct affected her health so that she required medical care. Corroborating witnesses testified that the defendant "bullied" and criticized the plaintiff; used abusive language toward her; and kept the company of another woman; that as a result of the defendant's conduct the plaintiff became extremely upset.

While mere incompatibility is not sufficient to warrant a divorce,[2] the evidence here shows a long-continued course of ill treatment resulting in injury to the plaintiff's health. Such conduct may constitute cruel and inhuman treatment even in the absence of actual or threatened physical violence.[3] Plaintiff's testimony, which was adequately corroborated,[4] is sufficient to support the findings and the judgment of the trial court.

■ District Court Rule 2(b), Fourth Judicial District (1957 M. S. A. p. 4649), provides that the trial of default divorce cases shall be set no earlier than 30 days after the time to answer has expired and the affidavit of no answer and note of issue have been filed. Defendant contends that since the hearing in the instant case was held on the

---

[2]Gerber v. Gerber, 241 Minn. 346, 64 N. W. (2d) 779; Kasal v. Kasal, 227 Minn. 529, 35 N. W. (2d) 745.

[3]Wilson v. Wilson, 229 Minn. 126, 38 N. W. (2d) 154; Thompson v. Thompson, 227 Minn. 256, 35 N. W. (2d) 289; 6 Dunnell, Dig. (3 ed.) § 2778.

[4]See, Wilson v. Wilson, 229 Minn. 126, 38 N. W. (2d) 154.

29th day following the filing of the default note of issue, the court lacked jurisdiction to hear the matter.

It is well settled in this state that where, in a particular case, the interests of justice would be best served by relieving a party from formal compliance with a rule, the trial court, in its discretion, may suspend or relax its operation.[5] Under the circumstances here the trial court did not abuse its discretion in suspending its own rule by prematurely trying the case. The manifest purpose of the rule was clearly not circumvented since the defendant's counsel admittedly had knowledge well in advance of the hearing that the matter had been placed on the default calendar. The deviation was but a technical one and was not shown to have prejudiced the defendant in any way.

■ Default decrees of divorce may be set aside where they are obtained under circumstances amounting to a fraud on the court.[6] However, while defendant asserts that the default judgment here was obtained by fraud and deceit on the part of plaintiff and her counsel, the record is barren of any evidence to support such an allegation. In Cahaley v. Cahaley, 216 Minn. 175, 12 N. W. (2d) 182, 157 A. L. R. 11, relied upon by the defendant, the plaintiff took unfair advantage of an ambiguous extension of time within which to answer, it being well known to plaintiff that the defendant intended to contest the matter. No such situation is present here. To the contrary, it is apparent that defendant was extended every opportunity to contest the action on the merits.

Moreover, in view of the willful disregard of such opportunities, the trial court would have been fully justified in denying any relief on the ground of "Mistake, inadvertence, surprise, or excusable neglect."[7]

---

[5]M. S. A. 484.33; Thon v. Erickson, 232 Minn. 323, 45 N. W. (2d) 560.

[6]Berg v. Berg, 227 Minn. 173, 34 N. W. (2d) 722; Cahaley v. Cahaley, 216 Minn. 175, 12 N. W. (2d) 182, 157 A. L. R. 1. Rule 60.02 of Rules of Civil Procedure, which specifies grounds upon which relief may be had from final judgments, excepts therefrom decrees of divorce. By its own terms, however, the rule does not limit the power of a court to set aside a judgment for fraud upon the court.

[7]Rule 60.02 of Rules of Civil Procedure.

Nevertheless, the court liberally permitted the judgment to be conditionally opened as to the issues of property rights and attorney's fees. It properly concluded that, even if mistake or excusable neglect had been shown, the decree of divorce itself could not be set aside on these grounds.[8] The payment by the defendant of costs and attorney's fees incurred by the plaintiff in obtaining the default judgment was properly imposed as a condition to the order granting relief.[9]

The judgment and orders appealed from are affirmed and, in addition to her regular costs and disbursements, plaintiff is awarded the sum of $250 as counsel fees on this appeal.

Affirmed.

---

[8]See footnote 6, *supra*; and see, Laird v. Laird, 149 Minn. 104, 182 N. W. 955; Wilhelm v. Wilhelm, 201 Minn. 462, 276 N. W. 804, decided under the superseded statutory provisions. Parts of divorce judgments not relating to marital status, however, are within the purview of Rule 60.02. See, Hoff v. Hoff, 133 Minn. 86, 88, 157 N. W. 999, 1000.

[9]Rule 60.02 provides, in part, that relief from judgments may be had "upon such terms as are just."